## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW MALLON, on behalf of himself and those similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>DALESSIO AUTO GROUP INC. d/b/a SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE; JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON,<br><br>        Defendants. | Civ. No. 2:26-cv-01463 (SRC)(MAH) |

---

### DEFENDANTS TILTON AUTOMOTIVE, L.L.C. AND JUDITH SCHUMACHER-TILTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

---

Of Counsel:
    Salvatore A. Giampiccolo

On the brief:
    John N. Visconi
    Rita Portenti

**STEVENS & LEE, PC**
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel.: (201) 857-6767
Fax: (201) 371-7379

*Attorneys for Defendants,*
*Tilton Automotive, L.L.C. d/b/a*
*Schumacher Chevrolet of Denville*
*and Judith Schumacher Tilton*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ..........................................................................................................3

LEGAL STANDARD...................................................................................................5

I.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)............5

II.   HEIGHTENED PLEADING REQUIREMENTS UNDER
FED. R. CIV. P. 9 ..........................................................................................7

ARGUMENT ...............................................................................................................8

I.    THE CFA CLAIM IN COUNT ONE OF PLAINTIFF'S COMPLAINT IS
NOT PLAUSIBLE ON ITS FACE AS AGAINST THE SCHUMACHER
DEFENDANTS .................................................................................................8

   A.  Plaintiff's Conclusory Statements Regarding the Schumacher
   Defendants' Alleged Conduct Do Not Satisfy the Plausibility Standard ...........9

   B.  Plaintiff's Improper Group Pleading Fails to Meet the Heightened
   Pleading Standard........................................................................................11

II.   PLAINTIFF CANNOT STATE A PLAUSIBLE CLASS CLAIM
GIVEN THE PLAIN LANGUAGE OF THE MVRO.......................................14

   A.  Schumacher Denville's MVRO Is Integral to the Complaint and
   Indisputably Refutes Each of Plaintiff's Claims Against the Schumacher
   Defendants....................................................................................................14

   B.  Plaintiff Cannot Bring a Class Action Against the Schumacher
   Defendants Because the MVRO Contains Valid and Binding Arbitration
   and Class Action Waivers .............................................................................15

III.  PLAINTIFF CANNOT MAINTAIN THE TCCWNA CLAIM
WITHOUT AN UNDERLYING CFA CLAIM................................................18

IV.   PLAINTIFF CANNOT MAINTAIN A DECLARATORY
JUDGMENT CLAIM AGAINST THE SCHUMACHER DEFENDANTS
BECAUSE THERE IS NO JUSTICIABLE CONTROVERSY AND
PLAINTIFF LACKS STANDING...................................................................19

V.  PLAINTIFF'S FOURTH CAUSE OF ACTION DOES NOT ALLEGE
ANY WRONGDOING BY THE SCHUMACHER DEFENDANTS .................20

CONCLUSION ...................................................................................................21

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................................5

Fed. R. Civ. P. 9 ............................................................................................................7

L. Civ. R. 6.1 .................................................................................................................4

**Statutes**

9 U.S.C. § 2 ..................................................................................................................15

N.J.S.A. 2A:16-53 ........................................................................................................19

N.J.S.A. 56:8-1, et seq. ..................................................................................................4

N.J.S.A. 56:12-14 to -18 ................................................................................................4

**Cases**

Adam v. Barone et al., No. 20-10321, 2023 WL 3058724
   (D.N.J. Apr. 24, 2023) ..............................................................................................13

Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995) ................................16

Amato v. Township of Ocean School District, 480 N.J. Super. 239
   (App. Div. 2024) ........................................................................................................20

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................5, 6

AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011) ....................................16

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ............................................5

CareOne, LLC v. Burris, No. 10–2309, 2011 WL 2623503
   (D.N.J. June 28, 2011) ................................................................................................6

Cerciello v. Salerno Duane, 473 N.J. Super. 249 (App. Div. 2022) ......................16

Curtis v. Cellco P'ship, 413 N.J. Super. 26 (App. Div. 2010),
   certif. denied, 203 N.J. 94 (2010) .............................................................................16

Donachy v. Intrawest U.S. Holdings, Inc., No. 10–4038, 2012 WL 869007,
   (D.N.J. Mar. 14, 2012) ..............................................................................................11

Dzielak v. Whirlpool Corp., Civ. No. 12-89, 2019 WL 6607220
   (D.N.J. Dec. 5, 2019) ................................................................................................19

Eli Lilly and Co. v. Roussel Corp., 23 F. Supp. 2d 460 (D.N.J. 1998) ............ 12, 14

Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007) ......................................7, 8

Gray v. BMW of North America LLC, No. 13–cv–3417, 2014 WL 4723161
   (D.N.J. Sept. 23, 2014) .............................................................................................12

Harborview Capital Partners, LLC v. Cross River Bank, 600 F. Supp. 3d 485
   (D.N.J. 2022) ...............................................................................................................7

Harnish v. Widener Univ. Sch. of Law, 931 F. Supp. 2d 641 (D.N.J. 2013)............8

In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410
(3d Cir. 1997) ...................................................................................7, 14

In re Riddell Concussion Reduction Litigation, 77 F. Supp. 3d 422
(D.N.J. 2015) .........................................................................................12

Katz v. Ambit Northeast, LLC, No. 3:20-cv-1289, 2020 WL 5542780
(D.N.J. Sept. 16, 2020) ......................................................................5, 8

Lab. Ready Ne., Inc. v. Dir., Div. of Tax'n, 25 N.J. Tax 607 (Tax 2011) ..............20

Landy v. Vision Solar LLC, No. 21-20241, 2023 WL 1794789
(D.N.J. Feb. 7, 2023) ........................................................................6, 13

Lannin v. NRT Title Agency, LLC, No. 18-15146, 2021 WL 7904043
(D.N.J. Nov. 26, 2021) ..........................................................................11

Lind v. New Hope Property, LLC, No. 09–3757, 2010 WL 1493003
(D.N.J. Apr. 13, 2010) ...........................................................................12

McMahon v. Volkswagen Aktiengesellschaft, No. 22cv01537, 2023 WL
4045156 (D.N.J. June 16, 2023).............................................................12

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young, No. 91 Civ. 2923,
1994 WL 88129 (S.D.N.Y. Mar. 15, 2004)..............................................11

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983).....15

NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404
(App. Div. 2011)....................................................................................16

Naporano Iron & Metal Co. v. American Crane Corp., 79 F. Supp. 2d 494
(D.N.J. 1999) ........................................................................................11

Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192
(3d. Cir. 1993) ........................................................................................6

Pollard v. AEG Live, LLC, No. 14–1155, 2014 WL 4637017 (D.N.J.
Sept. 16, 2014)......................................................................................10

Preston v. Ferrer, 552 U.S. 346 (2008)........................................................15

Schechter v. Hyundai Motor America, No. 18-13634, 2019 WL 3416902
(D.N.J. July 29, 2019)..........................................................................8, 9

Shelton v. Restaurant.com, 214 N.J. 419 (2013) ...........................................18

Southland Corp. v. Keating, 465 U.S. 1 (1984)........................................ 15, 16

Spade v. Select Comfort Corp., 232 N.J. 504, 516 (N.J. 2018)..........................18

T.J. McDermott Transp. Co., Inc. v. Cummins, Inc., No. 14–04209, 2015
WL 1119475 (D.N.J. Mar. 11, 2015) .....................................................12

Torres-Hernandez v. CVT Prepaid Solutions, Inc., No. 3:08–cv–1057,
2008 WL 5381227 (D.N.J. Dec. 17, 2018) ................................. 7, 8, 10

U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383 (3d Cir. 2020) ..........................6
Vaswani, Inc. v. Atlantic Enter. Ltd., No. 2:22-cv-00137, 2023 WL 4740905
    (D.N.J. July 25, 2023)..................................................................................6
Watkins v. DineEquity, Inc., 591 F. App'x 132 (3d Cir. 2014) ..............................18

**Regulations**

N.J.A.C. 13:45A-26B.1 to -26B.4 ........................................................................4

## PRELIMINARY STATEMENT

On January 13, 2026, Plaintiff Andrew Mallon ("Plaintiff") filed a complaint (the "Complaint" or "Compl.") against TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE ("Schumacher Denville") and JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON ("Ms. Tilton") (collectively, the "Schumacher Defendants"). Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), the Schumacher Defendants respectfully move this Court to dismiss the entire Complaint against them, with prejudice.

Schumacher Denville and co-defendant Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton ("Dalessio") and are separate legal entities. In each of the claims in Plaintiff's Complaint, he states only that he transacted with and ultimately purchased the subject vehicle from co-defendant Dalessio. Specifically, each of Plaintiff's purported class claims (Counts One - Three), are based on Dalessio's use of the Vehicle Buyer's Order ("VBO") as the sales document for Plaintiff's purchase of the subject vehicle, which allegedly failed to properly itemize the "documentary fees" paid by Plaintiff. (Compl., ¶¶ 70-109). Accordingly, Plaintiff has failed to sufficiently plead that Schumacher Denville committed any unlawful conduct that caused an ascertainable loss to Plaintiff. Indeed, Plaintiff does not allege any relationship or dealings with Schumacher Denville, nor can he as none exist. He has no firsthand knowledge whether

1

Schumacher Denville uses the VBO, but he has pleaded unsupported conclusory allegations, nonetheless. These threadbare allegations are not entitled to reasonable inferences in Plaintiff's favor and fail to satisfy the heightened pleading requirements for fraud claims.

Because Plaintiff failed to sufficiently plead that Schumacher Denville committed unlawful conduct, Plaintiff also failed to sufficiently plead that Ms. Tilton committed unlawful conduct in her role as the owner of Schumacher Denville.

Further, even if Plaintiff had transacted with Schumacher Denville, the buyer form used by Schumacher Denville is different than the VBO used by Dalessio in Plaintiff's vehicle purchase. Schumacher Denville's buyer form, the Motor Vehicle Retail Order ("MVRO"), itemizes the documentary fees such that the alleged deficiency with respect to Dalessio's form is not present in the MVRO. In fact, Schumacher Denville's form also contains valid and binding arbitration and class-action waiver provisions. These provisions conclusively defeat Plaintiff's ill-advised attempt to bring individual or class claims against the Schumacher Defendants. For these reasons, each of Plaintiff's class claims is legally without merit with respect to the Schumacher Defendants, and the Schumacher Defendants respectfully request that the Court dismiss them with prejudice.

The remaining individual cause of action (Count Four) of the Complaint, is limited to allegations that are specific to Plaintiff's purchase of his vehicle from co-

2

defendant Dalessio; there are no allegations related to Schumacher Denville. (Compl., ¶¶ 110-133). As such, the claim is not properly directed to the Schumacher Defendants and should be dismissed.

Thus, Plaintiff cannot maintain this action or represent a class of individuals against the Schumacher Defendants, and the Schumacher Defendants respectfully request that the Court dismiss with prejudice all counts of the Complaint with respect to them.

## BACKGROUND

On or about January 13, 2026, Plaintiff commenced this putative class action against the Schumacher Defendants and Dalessio by filing a class action complaint in the Morris County Superior Court of New Jersey. (See ECF 1).

Plaintiff asserted that he contacted Dalessio after seeing "an online advertisement for a used 2023 BMW M440" (the "Subject Vehicle") offered by Dalessio. (Compl., ¶¶ 24-29). After communicating with Dalessio about the Subject Vehicle, Plaintiff received sale documents from Dalessio, including a Vehicle Buyer's Order ("VBO"). (Compl., ¶¶ 30-31). This VBO listed a fee for "Preparation and Processing of Other Documents (specify DOC FEE): $399." (Compl., ¶ 33). On October 31, 2025, Plaintiff purchased the Subject Vehicle from Dalessio. (Compl., ¶ 32). Dalessio shipped the Subject Vehicle to Plaintiff and issued Plaintiff a temporary non-resident registration and license plate. (Compl., ¶¶ 35-36).

3

Plaintiff then claims that after his temporary non-resident registration and license plate expired, Dalessio failed to provide Plaintiff with permanent tags, which required Plaintiff "to travel to the Michigan Department of Motor Vehicles to obtain his registration and license plate." (Compl., ¶ 37-42). Plaintiff alleged Dalessio "has not refunded the excess registration and title fees to Plaintiff." (Compl., ¶ 50).

In addition, Plaintiff has alleged that Dalessio's VBO failed to properly itemize the documentary services performed by Dalessio, in violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, et seq., the Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26B.1 to -26B.4 ("ASP Regs."), specifically N.J.A.C. 13:45A-26B.3(a)(2), and the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 to -18 ("TCCWNA"). (Compl., ¶¶ 51-57, 66, 79-89, and 91-101). Plaintiff has not alleged, however, that: (1) he had any contact with the Schumacher Defendants; (2) he purchased or attempted to purchase any vehicle at Schumacher Denville; (3) he was charged more for titling a vehicle purchased at Schumacher Denville than he should have been; or (4) he has first-hand knowledge that Schumacher Denville uses the same VBO as Dalessio.

On February 13, 2026, the Schumacher Defendants removed the matter to this Court (ECF 1), and requested an extension of time to answer or otherwise respond pursuant to L. Civ. R. 6.1(b). (ECF 2). On February 18, 2026, the Clerk granted the request and set the new answer date as March 6, 2026. This motion follows.

4

## LEGAL STANDARD

### I.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. 12 warrants the dismissal of any complaint that fails "to state a claim upon which relief can be granted[.]" F.R.C.P. 12(b)(6). In deciding a motion to dismiss, district courts "accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Katz v. Ambit Northeast, LLC, No. 3:20-cv-1289, 2020 WL 5542780, at *1 (D.N.J. Sept. 16, 2020). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

A complaint will only survive a Fed. R. Civ. P. 12(b)(6) challenge if it contains sufficient factual allegations that, when accepted as true, render the stated claim for relief "plausible on its face." Id. at 570. A claim for relief is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

A court must "draw on its judicial experience and common sense," and if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct," then the complaint has not established the pleader's

5

entitlement to relief. Id. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

A court's consideration of a motion to dismiss is typically restricted to the four corners of the complaint, "matters of public record, orders, and exhibits attached to the complaint." Landy v. Vision Solar LLC, No. 21-20241, 2023 WL 1794789, at *2 (D.N.J. Feb. 7, 2023) (citing U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2020)). However, "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment]." Vaswani, Inc. v. Atlantic Enter. Ltd., No. 2:22-cv-00137, 2023 WL 4740905, at *4 (D.N.J. July 25, 2023) (internal citation omitted). This additional category of external documents includes "any 'document integral to or explicitly relied upon in the complaint.'" Id. (internal citation omitted) (emphasis in original).

Specifically, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." CareOne, LLC v. Burris, No. 10–2309, 2011 WL 2623503, at *6 (D.N.J. June 28, 2011) (citation omitted). See also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d. Cir. 1993) ("Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.") (internal citations omitted). What matters is "whether the claims in the complaint are 'based' on an

6

extrinsic document and not merely whether the extrinsic document was explicitly cited." In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] plaintiff cannot defeat consideration of a[n] integral document on a motion to dismiss unless it can offer a factual basis questioning its authenticity." Harborview Capital Partners, LLC v. Cross River Bank, 600 F. Supp. 3d 485, 489 (D.N.J. 2022) (internal citation omitted).

## II.   HEIGHTENED PLEADING REQUIREMENTS UNDER FED. R. CIV. P. 9

Pursuant to Fed. R. Civ. P. 9, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud," or the claim should be dismissed. F.R.C.P. 9(b); Katz, 2020 WL 5542780, at *2. "The level of particularity required is sufficient details to put the defendant on notice of the 'precise misconduct with which [it is] charged.'" Katz, 2020 WL 5542780, at *2 (citation omitted). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

This heightened pleading standard applies to claims under the CFA. Torres-Hernandez v. CVT Prepaid Solutions, Inc., No. 3:08–cv–1057, 2008 WL 5381227, at *5 (D.N.J. Dec. 17, 2018) (internal citation omitted).

7

## ARGUMENT

### I. THE CFA CLAIM IN COUNT ONE OF PLAINTIFF'S COMPLAINT IS NOT PLAUSIBLE ON ITS FACE AS AGAINST THE SCHUMACHER DEFENDANTS

"To state a claim under the NJCFA, a plaintiff must allege three elements: '(1) unlawful conduct by the defendant, (2) an ascertainable loss by the plaintiff, and (3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Schechter v. Hyundai Motor America, No. 18-13634, 2019 WL 3416902, at *5 (D.N.J. July 29, 2019).

The first element, unlawful conduct, consists of three general categories: "affirmative acts, knowing omissions, and regulation violations." Frederico, 507 F.3d at 202 (internal citation omitted). The second element, an ascertainable loss, as its name suggests, is a definite, measurable loss suffered by the plaintiff. Katz, 2020 WL 5542780, at *4. Finally, the third element of a CFA claim, the "causal nexus," requires a plaintiff to prove that the defendant caused the alleged damages. Harnish v. Widener Univ. Sch. of Law, 931 F. Supp. 2d 641, 653 (D.N.J. 2013). However, "allegations set forth in 'broad-brush fashion' will not suffice to establish the requisite causal nexus." Torres-Hernandez, 2008 WL 5381227, at *7. A claim may be dismissed for a plaintiff's failure to satisfy any of the requisite elements of a claim under the CFA. See id.

8

### A. Plaintiff's Conclusory Statements Regarding the Schumacher Defendants' Alleged Conduct Do Not Satisfy the Plausibility Standard

Plaintiff's claims against the Schumacher Defendants should be dismissed because the Complaint was devoid of well-pleaded, factual allegations concerning either of the Schumacher Defendants' allegedly unlawful conduct or any nexus between that conduct and any ascertainable loss by Plaintiff. In the Complaint, Plaintiff only alleged that he suffered an ascertainable loss traceable to Dalessio's supposed unlawful conduct; Plaintiff has not plausibly alleged any unlawful conduct by the Schumacher Defendants that caused his supposed loss. This deficiency is fatal to Plaintiff's claims pursuant to the CFA. See Schechter, 2019 WL 3416902, at *5.

Specifically, Plaintiff's CFA claim is based on his supposed ascertainable loss in his purchase of the Subject Vehicle from Dalessio caused by Dalessio's allegedly deficient VBO. (Compl., ¶¶ 51-58). Critically, Plaintiff only alleges that he had a relationship with Dalessio. (See generally Compl.).

By contrast, Plaintiff's claims against Schumacher Denville rest solely on unsupported conclusory statements regarding Schumacher Denville's supposed practices. For example, Plaintiff merely alleges that: (i) the practices complained of in the Complaint are the same at Dalessio and Schumacher Denville; (ii) both Dalessio and Schumacher Denville "use the same form Buyer's Order" which does not itemize documentary services; and (iii) "the practice of failing to itemize the

9

documentary fee is a standard practice at both dealerships." (Compl., ¶¶ 16-18). He does not allege that: he communicated with the Schumacher Defendants about the Subject Vehicle; Schumacher Denville was involved in the sale of the Subject Vehicle; he entered any transaction with Schumacher Denville for a vehicle; or he has any first-hand knowledge of Schumacher Denville's buyer's order form.

These statements are not well pleaded as they constitute nothing more than vague, conclusory allegations without basis. Thus, they are bare allegations that are insufficient to meet the Fed. R. Civ. P. 9(b) heightened pleading standard. See Torres-Hernandez, 2008 WL 5381227, at *8 (dismissing a complaint that "contain[ed] no factual substantiation of alleged fraudulent acts taken on the part of Defendant."); see also Pollard v. AEG Live, LLC, No. 14–1155, 2014 WL 4637017, at *6 (D.N.J. Sept. 16, 2014) (conclusory allegations based on supposition without more are insufficient to maintain a CFA claim).[1]

It follows that because Plaintiff failed to establish any unlawful conduct by Schumacher Denville that caused his ascertainable loss, Plaintiff similarly failed to establish any unlawful conduct by Ms. Tilton, as an owner of Schumacher Denville.

In his Complaint, Plaintiff merely alleged that Ms. Tilton "is actively engaged in the management and operations of" Schumacher Denville. (Compl., ¶ 10). This

---

[1] The Complaint would fail to raise plausible claims against the Schumacher Defendants even if the heightened pleading standard did not apply, as Plaintiff has failed to allege any contact with, or specific conduct by, the Schumacher Defendants.

Court has held that such language is not sufficient to state a claim against an owner under the CFA. See Lannin v. NRT Title Agency, LLC, No. 18-15146, 2021 WL 7904043, at *2 (D.N.J. Nov. 26, 2021) (dismissing claims where "Plaintiff has failed to allege with particularity any facts to show that [the owner] 'had engaged in conduct prohibited by the [NJ]CFA'"). Thus, Plaintiff has failed to allege with particularity any facts to show that the Schumacher Defendants engaged in unlawful conduct that caused Plaintiff's ascertainable loss.

### B. Plaintiff's Improper Group Pleading Fails to Meet the Heightened Pleading Standard

Plaintiff's Complaint is also inadequately pleaded because the "collectivized allegations" against all defendants are improper. Naporano Iron & Metal Co. v. American Crane Corp., 79 F. Supp. 2d 494, 511 (D.N.J. 1999); Donachy v. Intrawest U.S. Holdings, Inc., No. 10–4038, 2012 WL 869007, at *3 (D.N.J. Mar. 14, 2012) ("A pervasive defect of the FAC is that Plaintiffs lump the two Defendants together referring to them collectively"); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young, No. 91 Civ. 2923, 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 2004) ("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b)"); Eli Lilly and Co. v. Roussel Corp., 23 F. Supp. 2d 460, 492 (D.N.J. 1998) ("a plaintiff must plead predicate acts with particularity with respect to each defendant.").

11

Though there is an exception to this rule to allow group pleading when defendants are similarly situated and engaged in similar or identical conduct, it is inapplicable here. See Lind v. New Hope Property, LLC, No. 09–3757, 2010 WL 1493003, at *4 (D.N.J. Apr. 13, 2010). Courts have applied this exception in instances involving related entities engaged in "concerted conduct." In re Riddell Concussion Reduction Litigation, 77 F. Supp. 3d 422, 431 (D.N.J. 2015) (allowing claims to proceed because all defendants had a role in the manufacture, marketing, and sale of the same at issue products, and were under common ownership). See also McMahon v. Volkswagen Aktiengesellschaft, No. 22cv01537, 2023 WL 4045156, at *10 (D.N.J. June 16, 2023) (group pleading permissible because multiple entities involved "are intertwined through a complex corporate structure")(citation omitted); T.J. McDermott Transp. Co., Inc. v. Cummins, Inc., No. 14–04209, 2015 WL 1119475, at *7 (D.N.J. Mar. 11, 2015) ("Given this allegation of partnership, Plaintiff's references to the undifferentiated 'Defendants' are reasonably understood as alleging conduct for which all three Defendants are responsible"); Gray v. BMW of North America LLC, No. 13–cv–3417, 2014 WL 4723161, at *3 (D.N.J. Sept. 23, 2014) (group pleading permissible "[b]ecause this [wa]s a fraudulent concealment case involving the internal doings of a sophisticated corporation").

This exception does not apply here because Dalessio and Schumacher Denville are unrelated entities that do not act in concert. Indeed, public records from

12

the New Jersey Department of State, Division of Revenue, confirm that Dalessio is a New Jersey corporation incorporated in 2005, and Schumacher Denville is a New Jersey limited liability company formed in 2007. (Declaration of John Visconi dated March 2, 2026, Exs. 1 and 2).[2]

Moreover, this is not a case involving multiple corporate defendants in the same transaction, for which Plaintiff is unable to distinguish the specific acts taken by each defendant. In fact, Plaintiff has failed to allege that Schumacher Denville was involved in any way in his purchase of the Subject Vehicle from Dalessio. Instead, Plaintiff's attempt to lump together Dalessio and Schumacher Denville is limited to the allegation that both entities are owned in part by Ms. Tilton. (Compl., ¶ 9). Common ownership alone, however, does not mean that the entities are so entwined as to permit group pleading. See Adam v. Barone et al., No. 20-10321, 2023 WL 3058724, at *6 (D.N.J. Apr. 24, 2023).

Because Dalessio and Schumacher Denville are unrelated entities that do not act in concert, and because Plaintiff cannot allege to the contrary, Plaintiff was required to plead "with particularity with respect to each defendant." Eli Lilly and Co., 23 F. Supp. 2d at 492. Accordingly, the Schumacher Defendants respectfully request that the Court dismiss Count One of Plaintiff's Complaint with prejudice.

---

[2] These public records may be considered by the Court in a motion to dismiss. Landy, 2023 WL 1794789, at *2.

## II.  PLAINTIFF CANNOT STATE A PLAUSIBLE CLASS CLAIM GIVEN THE PLAIN LANGUAGE OF THE MVRO

### A. *Schumacher Denville's MVRO Is Integral to the Complaint and Indisputably Refutes Each of Plaintiff's Claims Against the Schumacher Defendants*

As discussed above, Plaintiff's Complaint centered around his purchase of the Subject Vehicle from Dalessio, using Dalessio's allegedly deficient VBO. Yet, Plaintiff has alleged, incorrectly and without basis, that Schumacher Denville uses the same VBO. This allegation has placed Schumacher Denville's buyer's order form directly at issue and made it integral to the Complaint. See In re Burlington Coat Factory Sec. Litigation, 114 F.3d at 1426.

Contrary to Plaintiff's allegations, Schumacher Denville did not use the VBO. It instead used the MVRO for every transaction during the purported class period. (See ECF 1, Declaration of Stephen Tilton, dated February 13, 2026 ("Tilton Dec."), ¶ 10 and Ex. 1). Significantly, unlike Dalessio's VBO, Schumacher Denville's MVRO itemizes the documentary fee, which defeats Plaintiff's erroneous allegations about any deficiencies in Schumacher Denville's buyer order form. (See id.; Compl., ¶ 17, 55, 57). Thus, Plaintiff's factual allegation that both Dalessio and Schumacher Denville "use the same form Buyer's Order" (Compl., ¶ 17) is patently and demonstrably false, and constitutes nothing more than an unsupported, self-serving conclusory allegation. These threadbare allegations are insufficient to sustain a cause of action against the Schumacher Defendants.

14

### B. Plaintiff Cannot Bring a Class Action Against the Schumacher Defendants Because the MVRO Contains Valid and Binding Arbitration and Class Action Waivers

Even if Plaintiff had transacted with the Schumacher Defendants, which he did not, such claims would be barred by the MVRO's valid and binding arbitration and class action waiver provisions. (See ECF 1, Tilton Dec., Ex. 1, p. 15 of 50).

Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . .

9 U.S.C. § 2. The FAA reflects "a liberal federal policy favoring arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. The FAA's national policy "'appli[es] in state as well as federal courts' and 'foreclose[s] state legislative attempts to undercut the enforceability of arbitration agreements.'" Preston v. Ferrer, 552 U.S. 346, 353 (2008) (quoting Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)). "The FAA's displacement of conflicting state law is 'now well-established,' … and has been repeatedly reaffirmed." Id. (quoting Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 272 (1995)).

15

A party can be compelled to arbitrate any cause of action, including those asserted under the CFA, when he or she has assented to an arbitration agreement. See Curtis v. Cellco P'ship, 413 N.J. Super. 26, 37 (App. Div. 2010) ("Thus, it is well-established that CFA claims may be the subject of arbitration and need not be exclusively presented in a judicial forum."), certif. denied, 203 N.J. 94 (2010).

Similarly, class action waivers in arbitration agreements are expressly enforceable. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) (enforcing class action waiver in arbitration agreement and holding that the FAA permits parties "to limit with whom a party will arbitrate its disputes"); see also Cerciello v. Salerno Duane, 473 N.J. Super. 249, 257 (App. Div. 2022) (under the FAA "the right to proceed as a class action may be waived in an arbitration agreement."); NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 438 (App. Div. 2011) (holding that the FAA preempts "courts from nullifying class action waiver provisions in arbitration agreements based upon state-law notions of unconscionability or public policy").

Schumacher Denville's MVRO expressly states that:

The parties to this agreement agree to arbitrate all claims, disputes, or controversies, including all statutory claims and any state or federal claims ("claims") that may arise out of or relating to this agreement and the sale or lease identified in this agreement. **By agreeing to arbitrate, the parties understand and agree that they are giving up their rights to use other available resolution processes, such as a court action or administrative proceeding, to resolve their disputes.**

16

Further, the parties understand that they may not pursue any claim, even in arbitration, on behalf of a class or to consolidate their claim with those of other persons or entities. Consumer Fraud, Used Car Lemon Law, and Truth-in-Lending claims are just three examples of the various types of statutory claims subject to arbitration under this agreement.

\*\*\*

**THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT. THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION OR PURSUE A CLASS ACTION IN COURT OR IN ARBITRATION. PLEASE READ IT CAREFULLY, PRIOR TO SIGNING.**

(ECF 1, p. 15 of 50) (emphasis in original).

Thus, even if Plaintiff had any viable claim against the Schumacher Defendants, which he does not, such claim would have to be adjudicated through binding arbitration, rather than in court, and he would have waived any right to participate or bring a class action suit consistent with the plain terms of the MVRO. Notably, the same would be true for any purported class member with a claim against the Schumacher Defendants that Plaintiff seeks to represent, because all purported class members have signed the MVRO, thus barring their claims in a class action lawsuit (Tilton Dec., ¶ 10). For these reasons, Plaintiff cannot maintain this action in Court or purport to represent a class of plaintiffs for any claims against the Schumacher Defendants.

17

### III.    PLAINTIFF CANNOT MAINTAIN THE TCCWNA CLAIM WITHOUT AN UNDERLYING CFA CLAIM

To establish a TCCWNA claim, a plaintiff must prove four elements: (1) defendant was a "seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid"; (2) defendant offered or entered a "written consumer contract or give or display any written consumer warranty, notice or sign"; (3) at the time of display or signature, the writing "violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee"; and (4) that plaintiff is an "aggrieved consumer." N.J.S.A. 56:12-15, -17; Spade v. Select Comfort Corp., 232 N.J. 504, 516 (N.J. 2018). For the reasons demonstrated above, Plaintiff cannot demonstrate the second, third, or fourth elements, as Schumacher Denville never used the VBO at issue and Plaintiff never transacted with Schumacher Denville.

Yet, the Court need not even reach those issues with respect to the TCCWNA. The "TCCWNA does not establish consumer rights or seller responsibilities. Rather, the statute bolsters rights and responsibilities established by other laws. TCCWNA creates liability whenever a seller presents a consumer with a covered writing that 'contains terms contrary to any established state [or] federal right of the consumer.'" Watkins v. DineEquity, Inc., 591 F. App'x 132, 134 (3d Cir. 2014) (quoting Shelton v. Restaurant.com, 214 N.J. 419 (2013)). Instead, '[t]he rights and responsibilities to be enforced by the TCCWNA are drawn from other legislation." Id. (emphasis in the original). In this case, the only other substantive law Plaintiff has cited is the

CFA, which, as already discussed, is inapplicable to the Schumacher Defendants. Thus, Plaintiff also cannot maintain a TCCWNA claim against the Schumacher Defendants. See Dzielak v. Whirlpool Corp., Civ. No. 12-89, 2019 WL 6607220, at *24 (D.N.J. Dec. 5, 2019).[3]

As Plaintiff cannot maintain a CFA claim on behalf of himself or others, he also cannot maintain a claim pursuant to the TCCWNA. For these reasons, the Schumacher Defendants respectfully request that the Court dismiss Count Two of the Complaint with respect to the Schumacher Defendants with prejudice.

## IV.  PLAINTIFF CANNOT MAINTAIN A DECLARATORY JUDGMENT CLAIM AGAINST THE SCHUMACHER DEFENDANTS BECAUSE THERE IS NO JUSTICIABLE CONTROVERSY AND PLAINTIFF LACKS STANDING

Count Three of the Complaint seeks declaratory relief pursuant to the Declaratory Judgment Act, N.J.S.A. 2A:16-50, et seq. A plaintiff may file a declaratory judgment action when they are "interested under a … written contract … or whose rights, status or other legal relations are affected by a … contract" to "have determined any question of construction or validity arising under the instrument … and obtain a declaration of rights, status or other legal relations thereunder." N.J.S.A. 2A:16-53. But "'[a] declaratory action … is proper provided there is a justiciable controversy, the party claiming the relief has standing, and there

---

[3] TCCWNA claims are also expressly included in the arbitration waiver in the MVRO. (ECF 1, p. 15 of 50).

are no adequate or appropriate alternative remedies.'" Amato v. Township of Ocean School District, 480 N.J. Super. 239, 252 (App. Div. 2024) (quoting Lab. Ready Ne., Inc. v. Dir., Div. of Tax'n, 25 N.J. Tax 607, 612 (Tax 2011)).

In this case, there is no justiciable controversy. As already detailed herein, Plaintiff has not pleaded (and cannot plead) that he transacted with Schumacher Denville or has firsthand knowledge that Schumacher Denville used the VBO for transactions during the class period (it did not). In fact, Schumacher Denville did not use the VBO; it used the MVRO for all transactions during the purported class period. The MVRO does not suffer from the same alleged deficiency as the VBO used by Dalessio, and the MVRO contains express arbitration and class action waiver provisions that serve to bar this very suit.

As such, there is no justiciable controversy, and even if there were, Plaintiff would not have standing to raise that controversy because of his lack of contacts with Schumacher Denville and lack of knowledge of its practices.

For these reasons, the Schumacher Defendants respectfully request that the Court dismiss Count Three of the Complaint with prejudice.

## V.   PLAINTIFF'S FOURTH CAUSE OF ACTION DOES NOT ALLEGE ANY WRONGDOING BY THE SCHUMACHER DEFENDANTS

The allegations in Count Four of the Complaint are all expressly limited to conduct allegedly committed by Dalessio in Plaintiff's individual transaction to

20

purchase the Subject Vehicle from Dalessio. (Compl., ¶¶ 110-133). As such, the claim should be limited to seeking relief from Dalessio. To the extent, however, Plaintiff intended to include the Schumacher Defendants in Count Four, it is untenable as there is no alleged wrongdoing by the Schumacher Defendants. For these reasons, the Schumacher Defendants respectfully request that the Court dismiss Count Four with prejudice with respect to the Schumacher Defendants.

## **CONCLUSION**

For the foregoing reasons, the Schumacher Defendants respectfully request that the Court dismiss the entire Complaint against them with prejudice.

Dated: March 6, 2026                    Respectfully submitted,

STEVENS & LEE, P.C.

By:    /s/ *Salvatore A. Giampiccolo*
        Salvatore A. Giampiccolo

21