# EXHIBIT C

## Visconi, John N.

| | |
|---|---|
| **From:** | Visconi, John N. |
| **Sent:** | Thursday, March 5, 2026 8:01 AM |
| **To:** | 'dricci@njconsumerlawyer.com'; 'michael@nizniklaw.com' |
| **Cc:** | 'ddering@lbmblaw.com'; Giampiccolo, Salvatore A.; Portenti, Rita; Alvine, Dyanne L. |
| **Subject:** | Mallon v. Dalessio Auto Group et al - Rule 11 Frivolous Litigation Notice |
| **Attachments:** | Notice of Motion for Sanctions.pdf; Cert of Service.pdf; Declaration of John Visconi re motion for sanctions.pdf; Letter to Plaintiffs Counsel re Mot for Sanctions.pdf; Memo in Support of Motion for Sanctions.pdf |

Messrs. Ricci and Niznik,

As you know, this firm represents Defendants Tilton Automotive, LLC d/b/a Schumacher Chevrolet of Denville (Schumacher Denville") and Judith Schumacher-Tilton in her capacity as owner of Schumacher Denville (collectively, the "Schumacher Defendants"). Please see the attached letter and motion papers being sent from our office via regular mail today to effectuate service via Fed. R. Civ. P. 5. If the complaint is not voluntarily withdrawn with respect to the Schumacher Defendants during the timeframe allowed under Fed. R. Civ. P. 11, we will file the attached motion for sanctions with the Court.

Thank you,

**John N. Visconi**
**Stevens & Lee, P.C.**
Shareholder
john.visconi@stevenslee.com

| | |
|---|---|
| 669 River Drive, Suite 201 | 485 Madison Avenue, 20th Floor |
| Elmwood Park, NJ 07407 | New York, NY 10022 |
| T: 201-857-6762 | T: 610-478-2086 |
| F: 610-371-8501 | F: 610-988-0812 |

# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ  07407
(201) 857-6760

T:  (201) 857-6767
F:  (610) 371-7379
salvatore.giampiccolo@stevenslee.com

March 4, 2026

**<u>VIA REGULAR MAIL & EMAIL</u>**

David C. Ricci, Esq.
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, NJ 07078
dricci@NJConsumerLawyer.com

Michael F. Niznik, Esq.
Law Office of Michael F. Niznik
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
michael@NiznikLaw.com

> **Re:**  ***Mallon v. Dalessio Auto Group Inc. et al***
> **Civil Action No. 2:26-cv-01463**

Dear Messrs. Ricci and Niznik:

We represent Tilton Automotive, L.L.C. d/b/a Schumacher Chevrolet of Denville ("Schumacher Denville") and Judith Schumacher-Tilton a/k/a Judith A. Tilton ("Ms. Tilton") (collectively, the "Schumacher Defendants") in connection with the above-referenced matter. Pursuant to Federal Rule of Civil Procedure 11, we write to demand that you withdraw the complaint against the Shumacher Defendants (the "Complaint" or "Compl."), as it is not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law.  In other words, the claims asserted against the Schumacher Defendants have no basis in law or fact and irrefutably constitute frivolous litigation in violation of Federal Rule 11.

The substantive claims instantly pled against the Schumacher Defendants fail because they rely upon the false allegation that the practices complained of in the Complaint are the same at Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton ("Dalessio") and Schumacher Denville. (Compl. ¶ 16). Specifically, the Complaint erroneously asserts that Dalessio and Schumacher Denville "use the same form" for vehicle purchases. (Compl. ¶ 17). Yet Plaintiff has failed to plead any contacts or transaction with Schumacher Denville to even withstand a motion to dismiss. Not only are these claims wholly lacking in merit and evidentiary support, but they are also contradicted by the actual documentary evidence that the Complaint purports to rely on.

PENNSYLVANIA  |  NEW JERSEY  |  DELAWARE  |  NEW YORK  |  RHODE ISLAND  |  FLORIDA
A PROFESSIONAL CORPORATION

# Stevens & Lee

March 4, 2026
Page 2

Namely, the actual order form used by Schumacher Denville, the Motor Vehicle Retail Order form ("MVRO") is distinguishable from the form used by Dalessio because the MVRO itemizes the documentary fee. (See ECF 1). Thus, Plaintiff's claims against Schumacher Denville lack evidentiary support. The same lack of evidentiary support applies to Plaintiff's claims against Ms. Tilton, as the owner of Schumacher Denville.

Moreover, Plaintiff's claims against the Schumacher Defendants are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law. The plain language of the law relied upon by Plaintiff in his Complaint is clearly limited to persons who commit unlawful conduct. As discussed, Plaintiff has failed to demonstrate that the Schumacher Defendants committed any unlawful conduct.

Further, even if Plaintiff had transacted with Schumacher Denville, which he has failed to plead, the same MVRO would bar the claims as it contains valid and binding arbitration and class-action waivers.

Your continued pursuit of these claims, as presently alleged and with full knowledge that there is no factual or legal basis to do so, is a blatant violation of Federal Rule 11. Accompanying this letter is a copy of Shumacher Defendants' Notice of Motion for Sanctions, memorandum of law in support thereof, and Declaration of John N. Visconi with exhibits upon which the Schumacher Defendants intend to rely. In the event you do not withdraw the Complaint in its entirety against the Schumacher Defendants within the twenty-one (21) day period provided by Federal Rule 11(c)(2), we will file the Motion with the Court.

Please be advised that the Schumacher Defendants reserve any and all rights and defenses in connection with this matter. This letter and/or any discussions aimed at resolving this matter shall not constitute a waiver of any rights or defenses. Moreover, the Schumacher Defendants shall not be deemed to have made any admissions or declarations against interest by reason of this letter or any such discussions. Finally, the Schumacher Defendants reserve the right to revise the enclosed motion prior to filing same with the Court.

Very truly yours,

STEVENS & LEE, P.C.

s/*Salvatore A. Giampiccolo*
Salvatore A. Giampiccolo, Esq.

cc:    David J. Dering, Esq. (*via regular mail and email*)

Salvatore A. Giampiccolo, Esq. (NJ Atty ID 005521990)
John N. Visconi, Esq. (NJ Atty ID 030362010)
Rita Portenti, Esq. (NJ Atty ID 481802024)
**STEVENS & LEE, PC**
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel.: (201) 857-6767
Fax: (201) 371-7379

*Attorneys for Defendants,*
*Tilton Automotive, L.L.C. d/b/a*
*Schumacher Chevrolet of Denville*
*and Judith Schumacher-Tilton a/k/a*
*Judith A. Tilton*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW MALLON, on behalf of himself and those similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DALESSIO AUTO GROUP INC. d/b/a SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE; JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON,<br><br>　　　　Defendants. | Civil Action No. 26-1463<br><br><br><br>**NOTICE OF MOTION BY TILTON AUTOMOTIVE, L.L.C. AND JUDITH SCHUMACHER-TILTON FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11** |

TO:　David C. Ricci, Esq.
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, NJ 07078

dricci@NJConsumerLawyer.com

Michael F. Niznik, Esq.
Law Office of Michael F. Niznik
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
michael@NiznikLaw.com

**PLEASE TAKE NOTICE** that TILTON AUTOMOTIVE, L.L.C. d/b/a

SCHUMACHER CHEVROLET OF DENVILLE ("Schumacher Denville") and

JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON ("Ms. Tilton")

(collectively, the "Schumacher Defendants") through their attorneys, Stevens & Lee,

P.C., will move the United States District Court for the District Court of New Jersey,

pursuant to Federal Rule of Civil Procedure 11(c), for an Order imposing sanctions

against Plaintiff Andrew Mallon ("Plaintiff") and his attorneys, David C. Ricci, Esq.

and Michael F. Niznik, Esq. ("Plaintiff's Attorneys") for filing claims against the

Schumacher Defendants that are not warranted under existing law or a non-frivolous

argument to extend or modify existing law pursuant to Fed. R. Civ. P. 11(b)(2), and

that are based on factual contentions that do not have evidentiary support pursuant

to Fed. R. Civ. P. 11(b)(3), and for other and further relief as the Court deems just

and proper; and

PLEASE TAKE FURTHER NOTICE, that in support of the within motion,

the Schumacher Defendants shall rely on the accompanying Memorandum of Law

and the Declaration of John N. Visconi, Esq., with exhibits.

Per Fed. R. Civ. P. 11(c)(2), the motion for sanctions will not be presented to the court if the Complaint is withdrawn or appropriately corrected within 21 days after service of this notice, or within another time the court sets.

STEVENS & LEE, P.C.

Dated: March 4, 2026                    /s/ Salvatore Giampiccolo
                                        Salvatore A. Giampiccolo, Esq.

Salvatore A. Giampiccolo, Esq. (NJ Atty ID 005521990)
John N. Visconi, Esq. (NJ Atty ID 030362010)
Rita Portenti, Esq. (NJ Atty ID 481802024)
**STEVENS & LEE, PC**
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel.: (201) 857-6767
Fax: (201) 371-7379

*Attorneys for Defendants,*
*Tilton Automotive, L.L.C. d/b/a*
*Schumacher Chevrolet of Denville*
*and Judith Schumacher-Tilton a/k/a*
*Judith A. Tilton*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW MALLON, on behalf of himself and those similarly situated,<br><br>              Plaintiff,<br><br>  v.<br><br>DALESSIO AUTO GROUP INC. d/b/a SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE; JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON,<br>              Defendants. | Civil Action No. 26-1463<br><br><br>**DEFENDANTS TILTON AUTOMOTIVE, L.L.C. AND JUDITH SCHUMACHER-TILTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11** |

1

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 11, TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE ("Schumacher Denville") and JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON ("Ms. Tilton") (collectively, the "Schumacher Defendants") respectfully move this Court to sanction Plaintiff Andrew Mallon ("Plaintiff") and his attorneys, David C. Ricci, Esq. and Michael F. Niznik, Esq. ("Plaintiff's Attorneys"). With the assistance of counsel, Plaintiff asserted frivolous claims against the Schumacher Defendants in his January 13, 2026 complaint (the "Complaint" or "Compl.").

Plaintiff's claims as to the Schumacher Defendants lack evidentiary support in violation of Fed. R. Civ. P. 11(b)(3) because the Complaint purports to rely on Schumacher Denville's buyer order form, but Plaintiff failed to attach such evidentiary support to his Complaint. Moreover, the plain language of Schumacher Denville's buyer order form, which itemizes documentary fees, indisputably refutes Plaintiff's claims against both the Schumacher Defendants. Had Plaintiff or his counsel conducted the requisite inquiry under Fed. R. Civ. P. 11(b), the inquiry would have revealed that Plaintiff lacked evidentiary support for his claims against the Schumacher Defendants.

Additionally, Plaintiff's claims as to the Schumacher Defendants have no basis in the law, in violation of Fed. R. Civ. P. 11(b)(2). In his Complaint, Plaintiff

2

states only that he transacted with and ultimately purchased the subject vehicle from Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton ("Dalessio"). Plaintiff does not and could not allege any relationship or dealings with Schumacher Denville. Moreover, Plaintiff has failed to introduce any evidence to support his bare allegation that the activities of Dalessio are somehow connected to the activities of Schumacher Denville, which is an entity separate and independent from Dalessio. Thus, Plaintiff's claims against the Schumacher Defendants are unwarranted by existing law.

Plaintiff's claims against Ms. Tilton are similarly frivolous because Plaintiff cannot impute liability on Ms. Tilton, as an owner of Schumacher Denville, when Plaintiff's claims against Schumacher Denville lack both evidentiary and legal support.

Further, even if Plaintiff had transacted with Schumacher Denville, its buyer form lacks the alleged deficiency present in Dalessio's form, and contains valid and binding arbitration and class-action waiver provisions. Thus, Plaintiff could not legally maintain this action or purport to represent a class of individuals.

These fatal deficiencies should have been identified during any reasonable pre-suit investigation by Plaintiff or Plaintiff's Attorneys. Accordingly, Plaintiff's Complaint against the Schumacher Defendants is frivolous.

3

Fed. R. Civ. P. 11 provides that sanctions may be imposed for violating its requirements that a party's claims be "warranted by existing law" and "have evidentiary support." F.R.C.P. 11(b). In this case, Plaintiff and his counsel have clearly violated these prohibitions, and sanctions are appropriate. The Complaint rests on mere conclusory statements with no factual allegations specifying actionable conduct because, as Plaintiff knows, there are no facts supporting his asserted claims against the Schumacher Defendants. Accordingly, the Schumacher Defendants respectfully request that this Court sanction Plaintiff and Plaintiff's Attorneys by dismissing all claims against the Schumacher Defendants with prejudice, holding Plaintiff and Plaintiff's Attorneys jointly responsible for the payment, in an amount to be determined at a later date, of the Schumacher Defendants' attorneys' fees and costs that the Schumacher Defendants have incurred defending against these objectively unreasonable claims, and such other and further relief the Court deems just and proper**.**

## **STATEMENT OF FACTS**

On or about January 13, 2026, Plaintiff commenced this putative class action against Schumacher Defendants by filing a class action complaint in the Morris County Superior Court of New Jersey. (See ECF 1). The Complaint was served upon Schumacher Defendants on January 14, 2026, as confirmed by Plaintiff's affidavits of service. (See id.).

4

In his Complaint, Plaintiff asserted that he contacted Dalessio after seeing "an online advertisement for a used 2023 BMW M440" (the "Subject Vehicle") offered by Dalessio. (Compl. ¶ 24-29). After communicating with Dalessio about the Subject Vehicle, Plaintiff received sale documents from Dalessio, including a Vehicle Buyer's Order ("VBO"). (Compl. ¶ 30-31). This VBO listed a fee for "Preparation and Processing of Other Documents (specify DOC FEE): $399." (Compl. ¶ 33). On October 31, 2025, Plaintiff purchased the Subject Vehicle from Dalessio. (Compl. ¶ 32). Dalessio shipped the Subject Vehicle to Plaintiff and issued Plaintiff a temporary non-resident registration and license plate. (Compl. ¶ 35-36).

According to the Complaint, after Plaintiff's temporary non-resident registration and license plate expired, Dalessio failed to provide Plaintiff with permanent tags, which required Plaintiff "to travel to the Michigan Department of Motor Vehicles to obtain his registration and license plate." (Compl. ¶ 37-42). Plaintiff alleged Dalessio "has not refunded the excess registration and title fees to Plaintiff." (Compl. ¶ 50).

In addition, Plaintiff has alleged that Dalessio's VBO failed to properly itemize the documentary services performed by Dalessio, in violation of N.J.A.C. 13:45A-26B.3(a)(2). (Compl. ¶¶ 51-57, 66). Plaintiff has not alleged, however, that he had any contact with Schumacher Denville, that he purchased or attempted to purchase any vehicle at Schumacher Denville, that he was charged more for titling

5

a vehicle purchased at Schumacher Denville than he should have been, or that he has first-hand knowledge that Schumacher Denville uses the same VBO for its sales as Dalessio.

### STANDARD OF REVIEW – FED. R. CIV. P. 11

Fed. R. Civ. P. 11(b) establishes that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) it is not being presented for any improper purpose, (2) the claims and legal contentions are warranted by existing law or by a nonfrivolous argument for extension or modification of existing law; (3) the factual contentions have evidentiary support or are likely to have evidentiary support; and (4) denials of factual contentions are warranted on the evidence. F.R.C.P. 11(b). A "court may impose an appropriate sanction on any attorney, law firm, or party" that violates or is responsible for the violation of the certification requirements of Fed. R. Civ. P. 11(b). F.R.C.P. 11(c)(1).

The legal standard for "evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 37 (D.N.J. 1999) (internal citation omitted). At a minimum, Fed. R. Civ. P. 11 requires "'that any signer must conduct a "reasonable inquiry" or face sanctions.'" Slater v. Skyhawk Transp., Inc., 187 F.R.D. 211, 216 (D.N.J 1999)

(quoting Business Guides, Inc. v. Chromatic Commc'n Enter., Inc., 498 U.S. 533, 547 (1991)). See also Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) ("The signature of counsel on a pleading certifies that a reasonable investigation of the facts and a normally competent level of legal research support the presentation.").

To determine whether a reasonable inquiry has been conducted, courts apply an objective standard of reasonableness under the circumstances, which does not require a showing of bad faith. See Slater, 187 F.R.D. at 216. Under this standard, reasonableness is "an objective knowledge or belief at the time of filing of a challenged paper that the claim was well-grounded in law and fact." Carlino, 57 F. Supp. 2d at 37. Applying an objective standard, Fed. R. Civ. P. 11 sanctions are appropriate "where a claim or motion is patently unmeritorious or frivolous." Nahas v. Shore Medical Ctr., No. 13-06537, 2021 WL 3047032, at *2 (D.N.J. July 20, 2021) (internal citations omitted). In summary, if counsel's failure to conduct an objectively reasonable inquiry results in frivolous litigation, then a court may impose sanctions under Fed. R. Civ. P. 11. Such sanctions include payment to the moving party of reasonable expenses such as attorney's fees incurred for the motion. F.R.C.P. 11(c)(2).

7

## **ARGUMENT**

### I.    PLAINTIFF'S CLAIMS AGAINST THE SCHUMACHER DEFENDANTS VIOLATE FED. R. CIV. P. 11(b)

#### A. *PLAINTIFF'S CLAIMS VIOLATE FED. R. CIV. P. 11(b)(3) BECAUSE THEY ARE WITHOUT EVIDENTIARY SUPPORT*

The nucleus of Plaintiff's Complaint is his purchase of the Subject Vehicle from Dalessio, using Dalessio's VBO, which Plaintiff alleges is deficient. Plaintiff attached Dalessio's VBO and the temporary tag issued to Plaintiff by Dalessio to the Complaint, as Exhibit A and Exhibit B respectively. (Compl., Ex. A and B). He did not attach any other exhibits to his Complaint.

While the contents of Dalessio's VBO are central to Plaintiff's Complaint regarding his purchase of the Subject Vehicle from Dalessio, Plaintiff cannot in good faith argue the same for the contents of Schumacher Denville's buyer order form. As an initial matter, and as discussed below, Schumacher Denville's buyer order form should not be germane to Plaintiff's Complaint because Plaintiff only had a relationship with Dalessio. However, Plaintiff's allegations rest on the contents of Schumacher Denville's buyer order form, which make it integral to the complaint. Notwithstanding the fact that Plaintiff only had a relationship with Dalessio, if Plaintiff or his counsel had conducted any semblance of the reasonable inquiry required by Fed. R. Civ. P. 11(b), the inquiry would have revealed that Plaintiff's

claims against the Schumacher Defendants are without evidentiary support, in violation of Fed. R. Civ. P. 11(b)(3).

Specifically, a reasonable inquiry would have revealed that the assertion that both Dalessio and Schumacher Denville "use the same form Buyer's Order" is patently false. (Compl. ¶ 17). As previously attested to, Schumacher Denville used the same Motor Vehicle Retail Order ("MVRO") for every transaction during the purported class period, which is a different from Dalessio's VBO, which is at issue in the Complaint. (See Declaration of Stephen Tilton, dated February 13, 2026, ¶ 10 ("Tilton Dec."), Ex. 1, filed as part of ECF 1). Significantly, unlike Dalessio's VBO, Schumacher Denville's MVRO itemizes the documentary fee, which defeats Plaintiff's erroneous and unsupported allegations about any deficiencies in Schumacher Denville's buyer order form, the MVRO. (See ECF 1; Compl. ¶¶ 17, 55, 57). Thus, Plaintiff's claims are refuted by the very documentary evidence that Plaintiff purported to rely on, namely the actual order form used by Schumacher Denville.

When a plaintiff makes claims about a particular document, the evidentiary support requirement of Fed. R. Civ. P. 11(b)(3) becomes critical. Here, Plaintiff failed to include any evidentiary support of his bare allegation that both Dalessio and Schumacher Denville "use the same form Buyer's Order." (Compl. ¶ 17). Critically, Plaintiff cannot provide such evidentiary support because the only relevant evidence,

the actual buyer order form used by Schumacher Denville during the class period, indisputably refutes Plaintiff's bare allegations. (See ECF 1, Tilton Dec., Ex. 1).

Beyond Plaintiff's false allegation that Dalessio and Schumacher Denville use the same buyer order form, Plaintiff has not alleged any conduct of Schumacher Denville that is related to Plaintiff's purchase of the Subject Vehicle. If any inquiry was conducted regarding Plaintiff's claims against Schumacher Denville, it certainly was not reasonable, as that would require "an objective knowledge or belief at the time of filing of a challenged paper that the claim was well-grounded in law and fact." Carlino, 57 F. Supp. 2d at 37. Here Plaintiff's Complaint, which rests solely on allegations of conduct traceable to Dalessio, could not be well-grounded in fact where the MVRO expressly refutes Plaintiff's claims against Schumacher Denville. Accordingly, Plaintiff and his counsel have violated Fed. R. Civ. P. 11(b)(3) as to Schumacher Denville because there is no evidentiary support, nor can there be, of any conduct by Schumacher Denville related to Plaintiff's alleged injury.[1]

### B. PLAINTIFF'S CLAIMS VIOLATE FED. R. CIV. P. 11(b)(2) BECAUSE THEY ARE NOT WARRANTED BY ANY LAW THAT HE RELIED UPON

The plain language of the law relied upon by Plaintiff does not provide support for any of his claims against the Schumacher Defendants. For example, the plain

---

[1] It follows that because Plaintiff's claims against Schumacher Denville lack evidentiary support, Plaintiff's claims against Ms. Tilton, as an owner of Schumacher Denville, similarly lack evidentiary support.

language of the Consumer Fraud Act ("CFA") does not warrant a claim against Schumacher Denville for allegations of conduct traceable only to Dalessio. Plaintiff cites the following provision of the CFA for his first count, regarding fraud in connection with the sale or advertisement of merchandise:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

N.J.S.A. 56:8-2. Under this provision, unlawful practices by any person are actionable. The CFA defines "person" as "any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or *cestuis que trustent* thereof." N.J.S.A. 56:8-1.

As explained above, Plaintiff has failed to provide any evidentiary support for his claims against Schumacher Denville. The only evidence relevant to Plaintiff's claims against Schumacher Denville, namely the MVRO itself, indisputably refutes Plaintiff's claims because the MVRO itemizes the documentary fee. (See ECF 1, Tilton Dec., Ex. 1). Plaintiff has not alleged any conduct of Schumacher Denville that is related to Plaintiff's purchase of the Subject Vehicle. Thus, Plaintiff's claims

11

against Schumacher Denville are not warranted by existing law because Plaintiff has not demonstrated that Schumacher Denville committed an unlawful practice under the CFA.

That the CFA permits claims against agents or otherwise associated entities is of no moment here because Dalessio and Schumacher Denville are separate, unassociated entities. Indeed, public records from the New Jersey Department of State, Division of Revenue, confirm that Dalessio is a New Jersey Corporation incorporated in 2005, and Schumacher Denville is a New Jersey Limited Liability Company formed in 2007. (See Declaration of John Visconi, dated March 2, 2026, Ex. A and B). Critically, Plaintiff does not allege that Dalessio and Schumacher Denville are associates or otherwise related entities. (See generally Compl.). Plaintiff only alleges that both entities are owned in part by Ms. Tilton. (Compl. ¶ 9). Common ownership does not provide a legal basis under the CFA to transfer liability between unrelated entities. See generally N.J.S.A. 56:8-2.

Plaintiff's Complaint is based on the purchase of the Subject Vehicle from Dalessio. (Compl. ¶ 32). The communications surrounding this purchase, including any sales documents used, were only between Plaintiff and Dalessio. (Compl. ¶ 24-40). Because Dalessio and Schumacher Denville are separate entities, Plaintiff's Complaint alleges only that Plaintiff had a relationship with Dalessio and not

12

Schumacher Denville, Plaintiff's allegations about Dalessio do not establish a cause of action under the CFA for claims against Schumacher Denville.[2]

Plaintiff's claims against the Schumacher Defendants similarly fail under all other laws relied upon by Plaintiff because those laws only warrant a cause of action related to a defendant's injury-causing conduct. See Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26B.3 ("automotive dealers shall not . . . [a]ccept, charge, or obtain from a consumer monies, or any other thing of value, in exchange for the performance of any documentary service without first itemizing the actual documentary service"); Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 ("No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer . . . any provision that violates any clearly established legal right"); Uniform Declaratory Judgments Law, N.J.S.A. 2A:16-53 ("A person interested under . . . a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising [there]under"). The same is true for Plaintiff's individual claims, related to Plaintiff's purchase of the Subject Vehicle, because existing law does not support transferring liability between two unrelated entities.

---

[2] It follows that because Plaintiff's claims against Schumacher Denville lack evidentiary support, Plaintiff's claims against Ms. Tilton, as an owner of Schumacher Denville, similarly lack evidentiary support.

Suing an unrelated entity with no legally cognizable theory is legally frivolous. Case law is clear that a putative class plaintiff may not attribute the conduct of one entity to an unrelated entity. Plaintiff has alleged conduct by Dalessio, not Schumacher Denville, and such entities are separate and independent. Accordingly, Plaintiff's claims against the Schumacher Defendants are not warranted by existing law, nor are they supported by a non-frivolous argument for extension or modification of existing law. Specifically, no law exists that would allow Plaintiff to establish that the alleged injury that arose from Plaintiff's transaction with Dalessio was also caused by Schumacher Denville or Ms. Tilton, in her capacity as member of Schumacher Denville. Plaintiff's claims against the Schumacher Defendants are unreasonable as there could have been no "belief at the time of filing . . . that the claim was well-grounded in law and fact." Carlino, 57 F. Supp. 2d at 37. Such unreasonable claims are a violation of Fed. R. Civ. P. 11(b)(2).

## II.   EVEN IF PLAINTIFF HAD ALLEGED A TRANSACTION WITH SCHUMACHER DENVILLE, THE CLAIMS WOULD BE SUBJECT TO BINDING ARBITRATION AND CLASS ACTION WAIVER PROVISIONS

Plaintiff cannot maintain claims against the Schumacher Defendants as detailed in Point I, supra. However, even if he could, such claims would be barred by the express language of the MVRO, Schumacher Denville's buyer order form. The MVRO contains valid and binding agreements to arbitrate disputes and to waive the right to bring a class action. (See ECF 1, p. 15 of 50).

Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 <u>et seq.</u>, provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . .

9 U.S.C. § 2. The FAA reflects "a liberal policy favoring arbitration." <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." <u>Id.</u> The FAA's national policy "'applie[s] in state as well as federal courts' and 'foreclose[s] state legislative attempts to undercut the enforceability of arbitration agreements.'" <u>Preston v. Ferrer</u>, 552 U.S. 346, 353 (2008) (quoting <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 10 (1984)). "The FAA's displacement of conflicting state law is 'now well-established,' and has been repeatedly reaffirmed." <u>Id.</u> (quoting <u>Allied-Bruce Terminix Cos. v. Dobson</u>, 513 U.S. 265, 272 (1995)).

A party can be compelled to arbitrate any cause of action, including those asserted under CFA, when he or she has assented to an arbitration agreement. <u>See</u> <u>Curtis v. Cellco P'ship</u>, 413 N.J. Super. 26, 37 (App. Div. 2010) ("Thus, it is well-

15

established that CFA claims may be the subject of arbitration and need not be exclusively presented in a judicial forum."), certif. denied, 203 N.J. 94 (2010).

Similarly, class action waivers in arbitration agreements are expressly enforceable. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) (enforcing class action waiver in arbitration agreement and holding that the FAA permits parties "to limit with whom a party will arbitrate its disputes"); see also Cerciello v. Salerno Duane, 473 N.J. Super. 249, 257 (App. Div. 2022) (under the FAA "the right to proceed as a class action may be waived in an arbitration agreement."); NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 438 (App. Div. 2011) (holding that the FAA preempts "courts from nullifying class action waiver provision in arbitration agreements based upon state-law notions of unconscionability or public policy").

Schumacher Denville's MVRO expressly states that:

The parties to this agreement agree to arbitrate all claims, disputes, or controversies, including all statutory claims and any state or federal claims ("claims") that may arise out of or relating to this agreement and the sale or lease identified in this agreement. **By agreeing to arbitrate, the parties understand and agree that they are giving up their rights to use other available resolution processes, such as a court action or administrative proceeding, to resolve their disputes.** Further, the parties understand that they may not pursue any claim, even in arbitration, on behalf of a class or to consolidate their claim with those of other persons or entities. Consumer Fraud, Used Car Lemon Law, and Truth-in-Lending claims are just three examples of the various types of statutory claims subject to arbitration under this agreement.

\*\*\*

**THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT. THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION OR PURSUE A CLASS ACTION IN COURT OR IN ARBITRATION. PLEASE READ IT CAREFULLY, PRIOR TO SIGNING.**

(ECF 1, p. 15 of 50) (emphasis in original).

Thus, even if Plaintiff had any viable claim against the Schumacher Defendants, which he does not, such claim would have to be adjudicated through binding arbitration, rather than in court, and he would have waived any right to participate or bring a class action suit consistent with the plain terms of the MVRO. Notably, the same would be true for any class member with a claim against the Schumacher Defendants, because all such class members would have signed the MVRO, thus barring their claims in a class action lawsuit (See ECF 1, Tilton Dec. ¶ 10). For these reasons, Plaintiff cannot maintain this action in Court or purport to represent a class of plaintiffs for any claims against the Schumacher Defendants.

Had Plaintiff or Plaintiff's Attorneys engaged in a reasonable pre-suit inquiry, they would have determined that: (1) Plaintiff had no dealings with the Schumacher Defendants; (2) the MVRO used by the Schumacher Defendants itemizes the documentary fees, which would defeat Plaintiff's claims; and (3) had Plaintiff signed an MVRO, he would be barred from filing suit or pursuing a class action on behalf of a group of plaintiffs.

17

In sum, Plaintiff and his counsel failed to conduct the required, reasonable inquiry into Plaintiff's claims against the Schumacher Defendants before filing. These parties have violated Fed. R. Civ. P. 11(b)(2) and 11(b)(3) and should be sanctioned pursuant to Fed. R. Civ. P. 11(c).

## CONCLUSION

For the foregoing reasons, the Schumacher Defendants request that the Court grant the Schumacher Defendants' Motion for Sanctions, impose sanctions in the form of attorney's fees required to file this motion and defend against a frivolous suit against Plaintiff and Plaintiff's Attorneys, and for other and further relief as the Court deems just and proper.

Dated:  March 4, 2026                Respectfully submitted,

                                                STEVENS & LEE, P.C.

                                   By:   /s/ *Salvatore A. Giampiccolo*
                                         Salvatore A. Giampiccolo

18

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW MALLON, on behalf of himself and those similarly situated, Plaintiff, v. DALESSIO AUTO GROUP INC. d/b/a SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE; JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON, Defendants. | Civil Action No. 2:26-cv-01463 **DECLARATION OF JOHN N. VISCONI IN SUPPORT OF TILTON AUTOMOTIVE, L.L.C. AND JUDITH SCHUMACHER-TILTON'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11** |

I, John N. Visconi, hereby certify and declare under penalty of perjury pursuant to section 1746 of Title 28 of the United States Code:

1. I am an attorney at law of the State of New Jersey and a Shareholder in the law firm of Stevens & Lee, P.C., attorneys for Defendants, Tilton Automotive, LLC, d/b/a Schumacher Chevrolet of Denville ("Schumacher Denville") and Judith Schumacher-Tilton a/k/a Judith A. Tilton ("Ms. Tilton") (collectively, the "Schumacher Defendants") in the matter captioned above. I am fully familiar with this matter and make this Declaration based on my personal knowledge of this litigation. I make this Declaration in support of the application sanctions pursuant to Fed. R. Civ. P. 11(c).

2.     A true copy of the Certificate of Formation of Schumacher Denville obtained from the New Jersey Department of State, Division of Revenue, is attached hereto as **Exhibit A**.

3.     A true copy of the Certificate of Incorporation of co-defendant Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton obtained from the New Jersey Department of State, Division of Revenue, is attached hereto as **Exhibit B**.

I hereby certify and declare under penalty and perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: March 2, 2026          By:   _____

                                    JOHN N. VISCONI

# EXHIBIT A

11-16-2007   14:46   From-JOSEPH ABOYOUN   +19735754187   T-588   P.003/003   F-361



**CERTIFICATE OF FORMATION**
**OF**
**TILTON AUTOMOTIVE, L.L.C.**

This is to certify that there is hereby organized a Limited Liability Company under and by

virtue of L. 1993, C.210, eff. Jan. 27, 1994, the "New Jersey Limited Liability Company Act."

1.     The name of the limited liability company is TILTON AUTOMOTIVE, L.L.C.

2.     The address of the limited liability company's initial registered office is 77 Route 46 West, Pine Brook, New Jersey 07058.  The name of the registered agent at such address is CRAIG M. HELLER, ESQ.

3.     The within limited liability company is to have one (1) or more members.

4.     The name and address of the person authorized to file the within Certificate of Formation is CRAIG M. HELLER, ESQ., ABOYOUN & HELLER, L.L.C., 77 Route 46 , Pine Brook, New Jersey  07058.

5.  The within limited liability company shall have perpetual existence.

**IN WITNESS WHEREOF**, the undersigned authorized person, being over eighteen (18) years of age, has signed this Certificate this 16th day of November, 2007.

_____

CRAIG M. HELLER, ESQ.

# EXHIBIT B

# Certificate of Incorporation

for

:

## DALESSIO AUTO GROUP INC.

**FILED**

**AUG 2 3 2005**

**STATE TREASURER**

**T**HIS IS TO CERTIFY THAT there is hereby organized a corporation under and by virtue of N.J.S. 14A:1-1 et seq., the "New Jersey Business Corporation Act."

1.  The name of the corporation is DALESSIO AUTO GROUP INC.

2.  The address of the corporation's initial registered office is 25A Hanover Road, P.O. Box 307, Florham Park, NJ 07932. The name of the registered agent at such address is John Humphries.

3.  The purpose for which this corporation is organized is to engage in any activity within the purposes for which corporations may be organized under the "New Jersey Business Corporation Act," N.J.S. 14A:1-1 et seq.

4.  The aggregate number of shares which the corporation shall have authority to issue is 1,000 shares without par value.

5.  The number of directors constituting the initial Board of Directors of this corporation is one (1). The name and address of each person who is to serve as such director is:

    John Humphries, 25A Hanover Road, P.O. Box 307, Florham Park, NJ 07932.

6.  The name and address of the incorporator is ALL-STATE International, Inc., 172 West State Street, Trenton, NJ 08608.

    In Witness Whereof, each individual incorporator, being over eighteen years of age has signed this certificate, or if the incorporator be a corporation has caused this certificate to be signed by its duly authorized officer this 23rd day of August, 2005.

_Ruth Schneider, Vice President_

ALL-STATE International, Inc.
172 West State Street
Trenton, NJ 08608

FILED FOR:    Anthony J. Accardi, Esq.
294851A        Accardi & Mirda
               570 West Mt. Pleasant Avenue
               Livingston, NJ 07039

0100950658