# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW MALLON, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DALESSIO AUTO GROUP INC. d/b/a SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE; JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON,<br><br>Defendants. | Civ. No. 2:26-cv-01463 (SRC)(MAH) |

---

## DEFENDANTS TILTON AUTOMOTIVE, L.L.C. AND JUDITH SCHUMACHER-TILTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

---

Of Counsel:
    Salvatore A. Giampiccolo

On the brief:
    John N. Visconi
    Rita Portenti

**STEVENS & LEE, PC**
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel.: (201) 857-6767
Fax: (201) 371-7379

*Attorneys for Defendants,*
*Tilton Automotive, L.L.C. d/b/a*
*Schumacher Chevrolet of Denville*
*and Judith Schumacher Tilton*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS ................................................................................. 4

STANDARD OF REVIEW – FED. R. CIV. P. 11 ....................................... 6

ARGUMENT ....................................................................................................... 8

   I.   PLAINTIFF'S CLAIMS AGAINST THE SCHUMACHER DEFENDANTS VIOLATE FED. R. CIV. P. 11(b) ............................................................... 8

     A.  Plaintiff's Claims Violate Fed. R. Civ. P. 11(b)(3) Because They Are Without Evidentiary Support .......................................................... 8

     B.  Plaintiff's Claims Violate Fed. R. Civ. P. 11(b)(2) Because They Are Not Warranted by Any Law That He Relied Upon ................................... 10

   II.  EVEN IF PLAINTIFF HAD ALLEGED A TRANSACTION WITH SCHUMACHER DENVILLE, THE CLAIMS WOULD BE SUBJECT TO BINDING ARBITRATION AND CLASS ACTION WAIVER PROVISIONS ................................................................................................... 14

CONCLUSION ................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 11 ................................................................................ passim

**Statutes**

9 U.S.C. § 1 et seq. ...............................................................................14
9 U.S.C. § 2 ...........................................................................................14
N.J.S.A. 2A:16-53 ................................................................................12
N.J.S.A. 56:12-14 .................................................................................12
N.J.S.A. 56:8-1 .....................................................................................10
N.J.S.A. 56:8-2....................................................................................... 10, 11

**Cases**

Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995) ...............................15
AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011) ...................................15
Business Guides, Inc. v. Chromatic Commc'n Enter., Inc., 498 U.S. 533 (1991)....6
Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1 (D.N.J. 1999)............ 6, 7, 9
Cerciello v. Salerno Duane, 473 N.J. Super. 249 (App. Div. 2022).......................15
Curtis v. Cellco P'ship, 413 N.J. Super. 26 (App. Div.), cert. denied,
    203 N.J. 94 (2010) ..................................................................................15
Lieb v. Topstone Indus., Inc., 788 F.2d 151 (3d Cir. 1986) ....................................6
Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983).....14
NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404
    (App. Div. 2011)......................................................................................15
Nahas v. Shore Medical Ctr., No. 13-06537, 2021 WL 3047032
    (D.N.J. July 20, 2021)................................................................................7
Preston v. Ferrer, 552 U.S. 346 (2008)...............................................................15
Slater v. Skyhawk Transp., Inc., 187 F.R.D. 211 (D.N.J. 1999) ..........................6, 7
Southland Corp. v. Keating, 465 U.S. 1 (1984).....................................................15
Toth v. Alice Pearl, Inc., 158 F.R.D. 47 (D.N.J. 1994) .........................................13

**Regulations**

N.J.A.C. 13:45A-26B.3..........................................................................4, 12

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 11, TILTON AUTOMOTIVE, L.L.C. d/b/a SCHUMACHER CHEVROLET OF DENVILLE ("Schumacher Denville") and JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON ("Ms. Tilton") (collectively, the "Schumacher Defendants") respectfully move this Court to sanction Plaintiff Andrew Mallon ("Plaintiff") and his attorneys, David C. Ricci, Esq. and Michael F. Niznik, Esq. ("Plaintiff's Attorneys"). With the assistance of counsel, Plaintiff asserted frivolous claims against the Schumacher Defendants in his January 13, 2026 complaint (the "Complaint" or "Compl.") because they lack evidentiary support in violation of Fed. R. Civ. P. 11(b)(3), and are not warranted by existing law in violation of Fed. R. Civ. P. 11(b)(2).

Plaintiff's class claims arise out of his purchase of a vehicle from co-defendant Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton ("Dalessio"). Specifically, he alleged that Dalessio uses a buyer order form that fails to itemize documentary fees as required by law. Indeed, in his Complaint, Plaintiff stated only that he transacted with and ultimately purchased the subject vehicle from Dalessio; he has not alleged any contact with the Schumacher Defendants. Despite this, Plaintiff has unequivocally alleged, which Plaintiff's Attorneys have presented to the Court via filing the Complaint, that Schumacher Denville uses the same deficient buyer form and sales practices. But Schumacher Denville does not use the

1

same buyer order form as Dalessio, and the plain language of Schumacher Denville's buyer order form, which itemizes documentary fees, indisputably refutes Plaintiff's claims against both the Schumacher Defendants. And Dalessio and Schumacher Denville are legally separate entities, so Dalessio's use of a supposedly deficient buyer order form cannot be imputed to Schumacher Denville.

Even if Plaintiff had transacted with Schumacher Denville, its buyer form lacks the alleged deficiency present in Dalessio's form, and it contains valid and binding arbitration and class-action waiver provisions. Thus, a lawsuit against the Schumacher Defendants would be impermissible per the buyer order form's terms. Plaintiff's claims against Ms. Tilton are similarly frivolous because Plaintiff cannot impute liability to Ms. Tilton, as an owner of Schumacher Denville, when Plaintiff's claims against Schumacher Denville lack evidentiary and legal support.

Fed. R. Civ. P. 11 provides that sanctions may be imposed for violating its requirements that a party's claims be "warranted by existing law" and "have evidentiary support." F.R.C.P. 11(b). In this case, Plaintiff and his counsel have violated these prohibitions, and sanctions are appropriate. The Complaint rests on mere conclusory statements with no factual allegations specifying actionable conduct because, as Plaintiff and Plaintiff's Attorneys know, there are no facts supporting Plaintiff's asserted claims against the Schumacher Defendants. This is only further evidenced by Plaintiff's egregious and inappropriate repudiation of his

2

own Complaint via the separate motion to remand. These fatal deficiencies should have been identified during any reasonable pre-suit investigation by Plaintiff or Plaintiff's Attorneys, as required by Fed. R. Civ. P. 11. Thus, Plaintiff's Complaint against the Schumacher Defendants is frivolous.

Accordingly, the Schumacher Defendants respectfully request that this Court sanction Plaintiff and Plaintiff's Attorneys, holding them jointly responsible for the payment, in an amount to be determined at a later date, of the Schumacher Defendants' attorneys' fees and costs that the Schumacher Defendants have incurred defending against these objectively unreasonable claims, and such other and further relief the Court deems just and proper.

**STATEMENT OF FACTS**

On or about January 13, 2026, Plaintiff commenced this putative class action against Schumacher Defendants by filing a class action complaint in the Morris County Superior Court of New Jersey. (See ECF 1). In his Complaint, Plaintiff asserted that he contacted Dalessio after seeing "an online advertisement for a used 2023 BMW M440" (the "Subject Vehicle") offered by Dalessio. (Compl. ¶ 24-29). After communicating with Dalessio about the Subject Vehicle, Plaintiff received sale documents from Dalessio, including a Vehicle Buyer's Order ("VBO"). (Compl. ¶ 30-31). This VBO listed a fee for "Preparation and Processing of Other Documents (specify DOC FEE): $399." (Compl. ¶ 33). On October 31, 2025, Plaintiff purchased the Subject Vehicle from Dalessio. (Compl. ¶ 32). Dalessio shipped the Subject Vehicle to Plaintiff and issued Plaintiff a temporary non-resident registration and license plate. (Compl. ¶ 35-36).

Plaintiff's class claims alleged that Defendants' VBO failed to properly itemize the documentary services performed by Defendants (despite only interacting with Dalessio), in violation of N.J.A.C. 13:45A-26B.3(a)(2). (Compl. ¶¶ 51-57, 66). Plaintiff has not alleged, however, that he had any contact with Schumacher Denville, that he purchased or attempted to purchase any vehicle at Schumacher Denville, that he was charged more for titling a vehicle purchased at Schumacher

4

Denville than he should have been, or that he has first-hand knowledge that Schumacher Denville uses the same VBO for its sales as Dalessio.

Plaintiff's individual claim (Count Four) is indisputably limited to conduct by Dalessio. Specifically, after Plaintiff purchased the subject vehicle, and after Plaintiff's temporary non-resident registration and license plate expired, Dalessio failed to provide Plaintiff with permanent tags, which required Plaintiff "to travel to the Michigan Department of Motor Vehicles to obtain his registration and license plate." (Compl. ¶ 37-42). Plaintiff alleged Dalessio "has not refunded the excess registration and title fees to Plaintiff." (Compl. ¶ 50).

On February 13, 2026, the Schumacher Defendants removed the matter to this Court. (ECF 1). On March 5, 2026, the Schumacher Defendants served a copy of this motion on Plaintiff. (Declaration of John Visconi dated March 2, 2026 ("Visconi Dec."), ¶ 5). On March 12, 2026, Plaintiff filed a Motion to Remand, wherein he expressly repudiated the operative facts in his Complaint with respect to the Schumacher Defendants. (ECF 12). To date, Plaintiff has not withdrawn or amended the Complaint. This motion follows and is filed more than 21 days after service of the motion on Plaintiff as required by Fed. R. Civ. P. 11.

## <u>STANDARD OF REVIEW – FED. R. CIV. P. 11</u>

Fed. R. Civ. P. 11(b) establishes that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose"; (2) the claims and legal contentions "are warranted by existing law or by a nonfrivolous argument for" extension or modification of existing law; (3) the factual contentions have evidentiary support or are likely to have evidentiary support; and (4) denials of factual contentions are warranted on the evidence. <u>F.R.C.P.</u> 11(b). A "court may impose an appropriate sanction on any attorney, law firm, or party" that violates or is responsible for the violation of the certification requirements of Fed. R. Civ. P. 11(b). <u>F.R.C.P.</u> 11(c)(1).

The legal standard for "evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." <u>Carlino v. Gloucester City High Sch.</u>, 57 F. Supp. 2d 1, 37 (D.N.J. 1999) (internal citation omitted). At a minimum, Fed. R. Civ. P. 11 requires "'that any signer must conduct a "reasonable inquiry" or face sanctions.'" <u>Slater v. Skyhawk Transp., Inc.</u>, 187 F.R.D. 211, 216 (D.N.J. 1999) (quoting <u>Business Guides, Inc. v. Chromatic Commc'n Enter., Inc.</u>, 498 U.S. 533, 547 (1991)). <u>See also</u> <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 157 (3d Cir. 1986) ("The signature of counsel on a pleading certifies that a reasonable investigation of

the facts and a normally competent level of legal research support the presentation.").

To determine whether a reasonable inquiry has been conducted, courts apply an objective standard of reasonableness under the circumstances, which does not require a showing of bad faith. See Slater, 187 F.R.D. at 216. Under this standard, reasonableness is "an objective knowledge or belief at the time of filing of a challenged paper that the claim was well-grounded in law and fact." Carlino, 57 F. Supp. 2d at 37 (internal citations omitted). Applying an objective standard, Fed. R. Civ. P. 11 sanctions are appropriate "where a claim or motion is patently unmeritorious or frivolous." Nahas v. Shore Medical Ctr., No. 13-06537, 2021 WL 3047032, at *2 (D.N.J. July 20, 2021) (internal citations omitted). In summary, if counsel's failure to conduct an objectively reasonable inquiry results in frivolous litigation, then a court may impose sanctions under Fed. R. Civ. P. 11. Such sanctions include payment to the moving party of reasonable expenses such as attorneys' fees incurred for the motion. F.R.C.P. 11(c)(2).

## ARGUMENT

### I.    PLAINTIFF'S CLAIMS AGAINST THE SCHUMACHER DEFENDANTS VIOLATE FED. R. CIV. P. 11(b)

#### A. Plaintiff's Claims Violate Fed. R. Civ. P. 11(b)(3) Because They Are Without Evidentiary Support

The nucleus of Plaintiff's Complaint is his purchase of the Subject Vehicle from Dalessio, using Dalessio's allegedly deficient VBO. Despite this, Plaintiff unequivocally pleaded that Schumacher Denville's buyer order form also does not itemize the documentary fee, as if Plaintiff had first-hand knowledge of Schumacher Denville's form. (Compl. ¶ 17). Yet, Plaintiff failed to include any support of his bare allegation that both Dalessio and Schumacher Denville "use the same form Buyer's Order." (Compl. ¶ 17).

The reasonable inquiry required by Fed. R. Civ. P. 11(b) would have revealed that such assertion is patently false, but, tellingly, the Complaint was silent as to any efforts made by Plaintiff or Plaintiff's Attorneys to obtain first-hand knowledge of Schumacher Denville's buyer order form. As previously attested to, Schumacher Denville used the same Motor Vehicle Retail Order ("MVRO") for every transaction during the purported class period, which is different from the VBO used by Dalessio and at issue in the Complaint. (See Declaration of Stephen Tilton, dated February 13, 2026, ¶ 10 ("Tilton Dec."), Ex. 1, part of ECF 1). Significantly, Schumacher Denville's MVRO itemizes the documentary fee, which defeats Plaintiff's erroneous

8

and unsupported allegations about any deficiencies in Schumacher Denville's buyer order form, the MVRO. (See ECF 1; Compl. ¶¶ 17, 55, 57).

Thus, Plaintiff's claims are refuted by actual documentary evidence, of which Plaintiff had no first-hand knowledge, despite his unequivocal allegations to the contrary. Plaintiff only had a relationship with Dalessio. Beyond Plaintiff's false allegation that Dalessio and Schumacher Denville use the same buyer order form, Plaintiff has not alleged any conduct of Schumacher Denville that is related to Plaintiff's purchase of the Subject Vehicle. If any inquiry was conducted regarding Plaintiff's claims against Schumacher Denville, it was not reasonable, as under no circumstances could Plaintiff or Plaintiff's Attorneys have had "an objective knowledge or belief … that the claim was well-grounded in law and fact" at the time the Complaint was filed. Carlino, 57 F. Supp. 2d at 37.

Here Plaintiff's Complaint, which rests solely on allegations of conduct traceable to Dalessio, could not be well-grounded in fact with respect to Schumacher Denville, as Plaintiff has not and cannot plead any contact with this entity or its representatives. Accordingly, Plaintiff and his counsel have violated Fed. R. Civ. P. 11(b)(3) because there is no evidentiary support, nor can there be, of any conduct by Schumacher Denville related to Plaintiff's alleged injury. [1]

---

[1] Because Plaintiff's claims against Schumacher Denville lack evidentiary support, Plaintiff's claims against Ms. Tilton, as an owner of Schumacher Denville, similarly lack evidentiary support.

### B. Plaintiff's Claims Violate Fed. R. Civ. P. 11(b)(2) Because They Are Not Warranted by Any Law That He Relied Upon

The plain language of the laws cited by Plaintiff does not provide support for any of his claims against the Schumacher Defendants.[2] For example, the plain language of the Consumer Fraud Act ("CFA") does not warrant a claim against Schumacher Denville for allegations of conduct traceable only to Dalessio. Plaintiff cites the following provision of the CFA for his first count, regarding fraud in connection with the sale or advertisement of merchandise:

> The act, use or employment by any person of any unconscionable commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

N.J.S.A. 56:8-2. Under this provision, unlawful practices by any person are actionable. The CFA defines "person" as "any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or *cestuis que trustent* thereof[.]" N.J.S.A. 56:8-1.

---

[2] The Schumacher Defendants are seeking sanctions against only Plaintiff's Attorneys for violation of F.R.C.P. 11(b)(2). See F.R.C.P. 11(c)(5)(A).

As explained above, Plaintiff has failed to provide any evidentiary support for his claims against Schumacher Denville. The only evidence relevant to Plaintiff's claims against Schumacher Denville, namely the MVRO itself, indisputably refutes Plaintiff's claims because the MVRO itemizes the documentary fee. (See ECF 1, Tilton Dec., Ex. 1). Plaintiff has not alleged any conduct of Schumacher Denville that is related to Plaintiff's purchase of the Subject Vehicle. Thus, Plaintiff's claims against Schumacher Denville are not warranted by existing law or reasonable extension thereof because Plaintiff has not demonstrated that Schumacher Denville committed an unlawful practice under the CFA.

That the CFA permits claims against agents or otherwise associated entities is of no moment because Dalessio and Schumacher Denville are separate, unassociated entities. Public records from the New Jersey Department of State, Division of Revenue, confirm that Dalessio is a New Jersey Corporation incorporated in 2005, and Schumacher Denville is a New Jersey Limited Liability Company formed in 2007. (See Visconi Dec., Ex. A and B). Critically, Plaintiff does not allege that Dalessio and Schumacher Denville are associates or otherwise related entities, except to allege that both entities are owned by Ms. Tilton. (Compl. ¶ 9). Common ownership does not provide a legal basis under the CFA to transfer liability between unrelated entities. See generally N.J.S.A. 56:8-2.

11

Plaintiff's Complaint is based on the purchase of the Subject Vehicle from Dalessio. (Compl. ¶ 32). The communications surrounding this purchase, including any sales documents used, were only between Plaintiff and Dalessio. (Compl. ¶ 24-40). Because Dalessio and Schumacher Denville are separate entities, and Plaintiff's Complaint alleged only that Plaintiff had a relationship with Dalessio and not Schumacher Denville, Plaintiff's allegations about Dalessio do not establish a cause of action under the CFA for claims against the Schumacher Defendants.

Plaintiff's claims against the Schumacher Defendants similarly fail under all other laws relied upon by Plaintiff because those laws only warrant a cause of action related to a defendant's injury-causing conduct. See Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26B.3 ("automotive dealers shall not . . . [a]ccept, charge, or obtain from a consumer monies, or any other thing of value, in exchange for the performance of any documentary service without first itemizing the actual documentary service"); Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 ("No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer  . . . any provision that violates any clearly established legal right"); Uniform Declaratory Judgments Law, N.J.S.A. 2A:16-53 ("A person interested under . . . a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising

12

[there]under"). The same is true for Plaintiff's individual claims, related to Plaintiff's purchase of the Subject Vehicle, because existing law does not support transferring liability between two unrelated entities.

Suing an unrelated entity with no legally cognizable theory of liability is frivolous. A reasonable inquiry, as required by Fed. R. Civ. P. 11(b), would have revealed the publicly available information regarding Dalessio and Schumacher Denville's statuses as separate legal entities. Case law is clear that a putative class plaintiff may not attribute the conduct of one entity to an unrelated entity. See Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 52 (D.N.J. 1994) (finding "respondent could not articulate a coherent theory of the case" where the respondent had attempted to attribute liability on one entity for the actions of a separate entity's employee).

Accordingly, Plaintiff's claims against the Schumacher Defendants are not warranted by existing law, or by a non-frivolous argument for extension or modification of existing law. Specifically, no law exists that would allow Plaintiff to establish that the alleged injury that arose from Plaintiff's transaction with Dalessio was also caused by Schumacher Denville or Ms. Tilton, in her capacity as an owner of Schumacher Denville. Such frivolous claims are a violation of Fed. R. Civ. P. 11(b)(2). Thus, Plaintiff and Plaintiff's Attorneys' conduct in bringing this action is sanctionable.

## II.    EVEN IF PLAINTIFF HAD ALLEGED A TRANSACTION WITH SCHUMACHER DENVILLE, THE CLAIMS WOULD BE SUBJECT TO BINDING ARBITRATION AND CLASS ACTION WAIVER PROVISIONS

Plaintiff cannot maintain claims against the Schumacher Defendants as detailed in Point I, supra. However, even if he could, such claims would be barred by the express language of the MVRO, Schumacher Denville's buyer order form. The MVRO contains valid and binding agreements to arbitrate disputes and to waive the right to bring a class action. (See ECF 1, p. 15 of 50).

Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . .

9 U.S.C. § 2. The FAA reflects "a liberal federal policy favoring arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. The FAA's national policy "'applie[s] in state as well as federal courts' and 'foreclose[s] state legislative attempts to undercut the enforceability of arbitration agreements.'"

14

Preston v. Ferrer, 552 U.S. 346, 353 (2008) (quoting Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)). "The FAA's displacement of conflicting state law is 'now well-established,' … and has been repeatedly reaffirmed." Id. (quoting Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 272 (1995)).

A party can be compelled to arbitrate any cause of action, including those asserted under CFA, when he or she has assented to an arbitration agreement. See Curtis v. Cellco P'ship, 413 N.J. Super. 26, 37 (App. Div.), cert. denied, 203 N.J. 94 (2010) ("Thus, it is well-established that CFA claims may be the subject of arbitration and need not be exclusively presented in a judicial forum.").

Similarly, class action waivers in arbitration agreements are expressly enforceable. See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) (enforcing class action waiver in arbitration agreement and holding that the FAA permits parties "to limit with whom a party will arbitrate its disputes"); see also Cerciello v. Salerno Duane, 473 N.J. Super. 249, 257 (App. Div. 2022) (under the FAA "the right to proceed as a class action may be waived in an arbitration agreement."); NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 438 (App. Div. 2011) (holding that the FAA preempts "courts from nullifying class action waiver provisions in arbitration agreements based upon state-law notions of unconscionability or public policy").

Schumacher Denville's MVRO expressly states that:

15

The parties to this agreement agree to arbitrate all claims, disputes, or controversies, including all statutory claims and any state or federal claims ("claims") that may arise out of or relating to this agreement and the sale or lease identified in this agreement. **By agreeing to arbitrate, the parties understand and agree that they are giving up their rights to use other available resolution processes, such as a court action or administrative proceeding, to resolve their disputes.** Further, the parties understand that they may not pursue any claim, even in arbitration, on behalf of a class or to consolidate their claim with those of other persons or entities. Consumer Fraud, Used Car Lemon Law, and Truth-in-Lending claims are just three examples of the various types of statutory claims subject to arbitration under this agreement.

***

**THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT. THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION OR PURSUE A CLASS ACTION IN COURT OR IN ARBITRATION. PLEASE READ IT CAREFULLY, PRIOR TO SIGNING.**

(ECF 1, p. 15 of 50) (emphasis in original).

Thus, even if Plaintiff had any viable claim against the Schumacher Defendants, which he does not, such claim would have to be adjudicated through binding arbitration, rather than in court, and he would have waived any right to participate or bring a class action suit consistent with the plain terms of the MVRO. Notably, the same would be true for any class member with a claim against the Schumacher Defendants, because all such class members would have signed the MVRO, thus barring their claims in a class action lawsuit (See ECF 1, Tilton Dec. ¶

16

10). For these reasons, Plaintiff cannot maintain this action in Court or purport to represent a class of plaintiffs for any claims against the Schumacher Defendants.

Had Plaintiff or Plaintiff's Attorneys engaged in a reasonable pre-suit inquiry, they would have determined that: (1) Plaintiff had no dealings with the Schumacher Defendants; (2) the MVRO used by the Schumacher Defendants itemizes the documentary fees, which would defeat Plaintiff's claims; and (3) had Plaintiff signed an MVRO, he would be barred from filing suit or pursuing a class action on behalf of a group of plaintiffs.

In sum, Plaintiff and his counsel failed to conduct the required reasonable inquiry into Plaintiff's claims against the Schumacher Defendants before filing. These parties have violated Fed. R. Civ. P. 11(b)(2) and 11(b)(3) and should be sanctioned pursuant to Fed. R. Civ. P. 11(c).

17

## **CONCLUSION**

For the foregoing reasons, the Schumacher Defendants request that the Court grant the Schumacher Defendants' Motion for Sanctions, impose sanctions in the form of attorneys' fees required to defend against a frivolous suit against Plaintiff and Plaintiff's Attorneys, and for other and further relief as the Court deems just.

Dated: March 27, 2026        Respectfully submitted,

STEVENS & LEE, P.C.

By:    /s/ *Salvatore A. Giampiccolo*
      Salvatore A. Giampiccolo