<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ANDREW MALLON, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED | : | **Civil Action No. 26-01463 (SRC)** |
| Plaintiff, | : | **OPINION & ORDER** |
| v. | : |  |
| DALESSIO AUTO GROUP INC. D/B/A SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE L.L.C. D/B/A SCHUMACHER CHEVROLET  OF DENVILLE; JUDITH SCHUMACHER-TILTON A/K/A JUDITH A. TILTON, | : |  |
| Defendants. |  |  |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Plaintiff Andrew Mallon's ("Plaintiff") motion to remand this case to New Jersey state court (Dkt. No. 12, "Motion"). Defendants Tilton Automotive L.L.C. d/b/a  Schumacher Chevrolet of Denville and Judith Schumacher Tilton a/k/a Judith A. Tilton filed a brief in opposition to the Motion.  (Dkt. No. 16, "Opposition").  Defendants filed a brief in reply.  (Dkt. No. 19, "Reply").  The Court has considered all of the papers and for the following reasons, Plaintiff's Motion is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The facts relevant to this Motion are as follows.  In 2025, Plaintiff purchased a used car from a car dealership, Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton ("Schumacher Boonton").  Prior to the purchase, Plaintiff saw an advertisement for the car and

told Schumacher Boonton that he would buy the car but would need to register it in Michigan, where he lived.  (Id. at 3-4).  Schumacher Boonton sent Plaintiff sale documents, including a Vehicle Buyer's Order ("VBO").  Plaintiff filled out those documents and purchased the car.  (Id.). The VBO, which is essentially a receipt for the purchase of the vehicle, allegedly failed to itemize the specific documentary services included in the $399 fee charged to Plaintiff by Schumacher Boonton for providing documentary services ("Doc Fee").  Plaintiff argues this failure to itemize violated New Jersey law and regulations.  Additionally, after the purchase was completed, Schumacher Boonton did not send Plaintiff the Michigan permanent registration or license plate that he needed in a timely manner and, as a result, Plaintiff had to obtain the registration and license plate on his own and at his own cost.  (Id. at 4-5).  Plaintiff alleges this too violated New Jersey law and regulations.

On January 13, 2026, Plaintiff filed the instant putative class action lawsuit against three defendants in the New Jersey Superior Court, Morris County, Law Division. (See Dkt. No. 1 Ex. A, "Complaint").  The Complaint names three defendants, all of whom are New Jersey residents: (1) Schumacher Boonton, (2) Tilton Automotive L.L.C. d/b/a Schumacher Chevrolet of Denville ("Schumacher Denville"), and (3) Judith Schumacher-Tilton a/k/a Judith A. Tilton ("Ms. Tilton"). Collectively, the Complaint refers to these defendants as "Defendants" and incorporates nearly all allegations of the complaint against them collectively, asserting that the allegedly unlawful behavior is attributable to all three defendants.  (See, e.g., Id. ¶¶ 16, 55) ("The practices complained of herein are the same at Schumacher Boonton and Schumacher Denville;" "Defendants charged for Documentary Fees using VBOs that did not itemize each documentary service provided or the fee for each documentary service provided in the transactions of Plaintiff and others similarly situated.").

-2-

The Complaint states four causes of action, all of which allege violations of New Jersey law. The first three causes of action, which relate to the Doc Fee, are pled as class claims and are directed at all three defendants. Crucially, Plaintiff alleges that both Schumacher Boonton, from whom he bought his car, *and* Schumacher Denville engage in identical harmful behavior regarding the Doc Fee. (See Id. ¶¶ 16-19). The fourth cause of action, which relates to the alleged failure to deliver title to the vehicle in a timely manner, is pled as an individual claim brought only by Plaintiff and appears to be directed only at Schumacher Boonton.

Schumacher Denville and Ms. Tilton ("Removal Defendants") removed this case to federal court under the Class Action Fairness Act ("CAFA") and assert that this Court has jurisdiction in this case pursuant to 28 U.S.C. sections 1332(d)(2), (5), and (6), which "establish jurisdiction over putative class actions in which the proposed class includes at least 100 members, any member of the alleged plaintiff's class is a citizen of a state different from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest or costs." (Dkt. No. 1, "Notice of Removal").

Removal Defendants then filed a motion to dismiss the claims against them primarily for two core reasons: first, at no point does the Complaint allege any actual contact between Plaintiff and Removal Defendants and second, because Schumacher Denville does not use the allegedly deficient VBO of which Plaintiff complains. (See Dkt. No. 11, "Motion to Dismiss"). To support its second point, Schumacher Denville submitted the motor vehicle retail order ("MVRO") it provides customers at purchase, which itemizes its documentary services fees and contains a class action waiver and arbitration clause. (Notice of Removal, Ex. 1). The MVRO is essentially Schumacher Denville's version of Schumacher Boonton's VBO, which sits at the center of this litigation.

After Removal Defendants filed their Motion to Dismiss, Plaintiff filed this Motion, challenging the removal of this action under CAFA and asking this Court to remand the case back to state court, where the complaint was initially filed.

## II.     DISCUSSION

### a.  Legal Standard

Removal Defendants removed this case to federal court under CAFA.  CAFA permits federal courts to take jurisdiction over class actions as long as those actions meet the following three criteria: (1) the proposed class must contain at least 100 individuals ("numerosity requirement"), (2) the amount in controversy must exceed $5,000,000, exclusive of interests or costs ("amount in controversy requirement"), and (3) at least one member of the alleged plaintiff's class must be a citizen of a state different from any defendant ("diversity requirement").  28 U.S.C. §§ 1332(d)(2), (5), and (6); Judon v. Travelers Property Cas. Co. of America, 773 F.3d 495, 500 (3d Cir. 2014).

"In order to determine whether the CAFA jurisdictional requirements are satisfied, a court evaluates allegations in the complaint and a defendant's notice of removal." Id.  Importantly, the notice of removal becomes relevant where the complaint is silent or ambiguous as to a certain jurisdictional element, and the notice of removal provides useful information. Id. n.2.  In deciding whether to remand an action to state court, a "district court must focus on the plaintiff's complaint at the time the petition for removal was filed" and "must assume as true all factual allegations of the complaint." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted); See also Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993) ("[T]he general federal rule is to decide the amount in controversy from the complaint itself.") (citation

omitted).  Additionally, as a general matter, the party seeking removal bears the burden of proving

federal jurisdiction under CAFA.[1]  See Morgan v. Gay, 471 F.3d 469, 472 (3d Cir. 2006).

### b.  Plaintiff's Arguments

In his Motion, Plaintiff launches two attacks, both aimed at CAFA's numerosity and

amount in controversy requirements. The first argument goes as follows.  The proposed class in

the Complaint includes:

> All natural persons who purchased or leased a vehicle from
> [Schumacher Boonton and Schumacher Denville] at any time on or
> after the day six years prior to the date this Complaint was originally
> filed, who were charged for a documentary fee where the VBO used
> in the transaction did not itemize the specific documentary
> service(s) provided or the fee(s) for each documentary service
> provided.

(Complaint ¶ 59).  Because Schumacher Denville has now submitted in its Notice of Removal the

MVRO it provides customers which itemizes documentary fees (in contrast to the defective VBO)

no transactions with Schumacher Denville meet the class definition.  Accordingly, the number of

class members with claims against Schumacher Denville is zero, so neither the numerosity nor

amount in controversy requirement can be satisfied.  (Mot. at 4-6).  Second, Plaintiff argues,

because the MVRO which Schumacher Denville apparently uses contains an arbitration clause and

a class action waiver, none of the Schumacher Denville's transactions are included in the class,

and the same logic as its first argument follows.  (Id.).  In short, if Plaintiff's arguments here are

correct, then Plaintiff's own central allegations that "the practices complained of herein are the

---

[1] Removal Defendants correctly point out that there are several tests employed in this Circuit for
determining the precise burden of proof at the removal stage.  (Opp. at 9-10).  But, given the
nature of the instant action, there is no need to digress into the complexities of Third Circuit law
on this issue, because even applying the most demanding standard mentioned in the Opposition,
which would require Removal Defendants to prove the jurisdictional elements by a
preponderance of the evidence, this Court finds it has jurisdiction under CAFA.

same at Schumacher Boonton and Schumacher Boonton" and "[both dealerships] use the same form Buyer's Order" are, plainly, false.  (Complaint ¶¶ 16-17).

The Court agrees with Removal Defendants that Plaintiff's challenges are inappropriate and insufficient.  Here, Plaintiff has unambiguously pled certain facts which form the core of his lawsuit—that both car dealerships provided the same defective VBO to customers—and has functionally disavowed those facts (whether he is willing to say so explicitly or not), without amending his complaint, in his attempt to remand the case to state court.  As will be explained below, Plaintiff cannot have it both ways.

Plaintiff's arguments fail for two primary reasons.  First, Plaintiff's arguments raise questions that reach the underlying merits of this case.  Whether Schumacher Denville in fact used the MVRO throughout the relevant class period and whether the MVRO contains enforceable arbitration and class waiver provisions are issues that go to the *viability* of Plaintiff's claims against Removal Defendants, not what those initial claims, in fact, are.  Those arguments may become relevant once this Court has considered whether it has jurisdiction, but they are not appropriate at this phase of litigation.  See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990) (finding the district court improperly "stepped from the threshold jurisdictional issue into a decision on the merits.").[2]

---

[2] The Court also notes that if Plaintiff's second argument is correct, then no case in which an underlying transaction includes an arbitration clause or class action waiver provision (which may or may not be enforceable) could ever be removed to federal court under CAFA.  This outcome would be both absurd and inconsistent with federal practice.  See Jordan v. Petco Health & Wellness Co., Inc., 2022 WL 4237519, at *1 (W.D. Pa. Sept. 14, 2022) ("Federal Courts routinely address motions to compel arbitration where they have jurisdiction over the case based on CAFA—even where the arbitration clause contains a class action waiver."); Siperavage v. Uber Tech., Inc., 2021 WL 2680060 (D.N.J. June 30, 2021) (compelling arbitration in case with a class-waiver where jurisdiction was provided by CAFA).

Second and somewhat relatedly, Plaintiff's arguments rest on a misunderstanding of how this Court ought to consider the pleadings when assessing jurisdiction on a motion to remand. Plaintiff insists, explicitly and implicitly, that the Court must determine the jurisdictional facts by considering the entirety of the Complaint and the Notice of Removal. Stripped of context, that statement alone sounds unproblematic, but it slightly misses the point here. To be successful, Plaintiff's arguments would essentially require this Court to weigh competing facts that go to the issue of liability—whether Schumacher Denville in fact sold cars using the allegedly defective VBO—at the motion to remand stage. But, on a motion to remand, the Court looks to the Notice of Removal where the Complaint is "silent or ambiguous" as to certain jurisdictional facts. Judon 773 F.3d at 500 n.2. Where the Complaint is unambiguous, as here, the Court focuses on the "complaint at the time the petition for removal was filed" and "assume[s] as true all factual allegations of the complaint." Steel Valley Auth.,809 F.2d at 1010. In other words, the Court here analyzes the Notice of Removal only to determine if CAFA jurisdiction is proper, not whether, somewhere in the Notice of Removal, Defendants have submitted that they are not culpable for the alleged wrongdoing.

### c. Jurisdictional Analysis

However, finding that Plaintiff's arguments are mistaken does not conclusively settle the jurisdictional question, because remand is mandatory whenever it appears that a court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). So, the Court must assess and conclude that it does, indeed, have jurisdiction to hear this case under CAFA. Removal Defendants have convincingly shown that based on the Complaint as pled, and the additional jurisdictional information provided

-7-

in the Notice of Removal, CAFA's numerosity and amount in controversy requirements are satisfied, and federal jurisdiction is proper.[3]

As noted above, in conducting the jurisdictional analysis, the Court looks primarily to the Complaint as pled.  Where the Complaint is silent or ambiguous as to certain jurisdictional facts, the Court considers the Notice of Removal and its attendant materials.

First, the Court turns to the numerosity requirement, which is clearly satisfied.  CAFA requires the proposed class to include at least 100 members.  See 28 U.S.C. 1332(d)(5).  Though the Complaint does not recite the precise number of individuals harmed by the conduct alleged, it states that "[t]he proposed Class consists of hundreds or thousands of customers of Defendants . . .." (Complaint ¶ 61).  Additionally, Removal Defendants' Notice of Removal included a declaration by Stephen Tilton, the CFO of Schumacher Denville, stating that "Schumacher Denville sold approximately 4,708 vehicles or more [during the relevant class period]."  (Notice of Removal, Declaration of Stephen Tilton dated February 12, 2026 ("Tilton Decl.").  Accordingly, the numerosity requirement is satisfied.

Second, the Court analyzes the amount in controversy requirement.  To satisfy CAFA, the amount in controversy must exceed $5,000,000, exclusive of interests or costs.  28 U.S.C. § 1332(d)(2).  The Complaint alone does not allow the Court to estimate the amount in controversy, but the Notice of Removal provides information to help fill in the gaps.  See Lee v. Cent. Parking Corp., 2015 WL 4510128, at *12 (D.N.J. July 24, 2015) (looking to defendant's notice of removal to supply information on the amount in controversy where the

---

[3] Plaintiff does not directly address, and impliedly concedes, that CAFA's diversity requirement is met in this case.  This Court agrees that the diversity requirement is easily satisfied in this case.  According to the Complaint, Plaintiff is a citizen of Michigan while the defendants are all New Jersey citizens.  (Complaint ¶¶ 4-7).  Accordingly, the diversity requirement of CAFA is easily satisfied.  See 28 U.S.C.  §§ 1332(d)(2).

"complaint [was] indeterminate regarding the amount in controversy."). Schumacher Denville's CFO stated in his affidavit that during the relevant class period, Schumacher Deville sold approximately 4,708 vehicles and charged somewhere between $299 to $399 for documentary service fees on each sale. (Tilton Decl. ¶ 15). As repeatedly discussed, according to Plaintiff's Complaint, these transactions used the problematic VBO. Plaintiff seeks treble damages, as well as the statutory penalty of $100 per class member. (Complaint at 15). Doing the math, as Removal Defendants have done in their Opposition, the Court concludes that the amount in controversy with respect to Schumacher Denville's sales is approximately $5.4 million, thereby exceeding the $5 million minimum for CAFA jurisdiction.[4]

Plaintiff has not marshaled any actual challenge to the underlying numbers or calculations provided by Removal Defendants. Instead, Plaintiff has merely reiterated his two core arguments, which, as explained above, are unavailing. Absent such a challenge, the Court is satisfied that Removal Defendants have carried their burden and that the amount in controversy requirement is satisfied. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

### III.    Conclusion

As the "master of [his] own claim," Morgan, 471 F.3d at 474, Plaintiff chose to file a complaint that triggers federal jurisdiction. He now attempts to undo that choice by contradicting—and functionally disavowing—the very facts he alleged. For the foregoing reasons, Plaintiff's Motion is **DENIED.**

---

[4] The Court thinks it reasonable, as Removal Defendants' have done in their papers, to take the midpoint of the range of documentary service fees: $349. So, the calculation comes out to $349 x 3 (treble damages) + $100 = $1,147 per customer. Multiplying $1,147 by the number of customers, 4,708, comes to a total of $5,400,076.

\*  \*  \*

For these reasons,

**IT IS** on this 17th day of April, 2026

**ORDERED** that Plaintiff's Motion (Dkt. No. 12) is **DENIED**.

<u>s/Stanley R. Chesler</u>
STANLEY R. CHESLER, U.S.D.J.