**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| ANDREW MALLON, on behalf of himself and all others similarly situated | : | **Civil Action No. 26-01463 (SRC)** |
| Plaintiff, | : | |
| | | **OPINION & ORDER** |
| v. | : | |
| DALESSIO AUTO GROUP INC. d/b/a SCHUMACHER CHEVROLET BUICK OF BOONTON; TILTON AUTOMOTIVE L.L.C. d/b/a SCHUMACHER CHEVROLET  OF DENVILLE; JUDITH SCHUMACHER-TILTON a/k/a JUDITH A. TILTON, | : : | |
| Defendants. | | |

**CHESLER**, District Judge

This matter comes before the Court on Defendants Tilton Automotive L.L.C. d/b/a Schumacher Chevrolet of Denville and Judith Schumacher Tilton a/k/a Judith A. Tilton's (Denville Defendants)[1] motion to dismiss the claims against them, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 11, "Motion to Dismiss") and motion for sanctions against Plaintiff Andrew Mallon ("Plaintiff") and his attorneys David Ricci and Michael Niznik ("Plaintiff's Lawyers"), pursuant to Federal Rule of Civil Procedure 11(c) (Dkt. No. 15, "Motion for Sanctions").  Plaintiff has not filed a timely opposition brief to either of these motions.  The Court

---

[1] References to Ms. Tilton in this opinion should be understood, unless otherwise indicated, to refer to her in her capacity as owner or part-owner of Schumacher Denville, and not in her capacity as owner or part owner of Schumacher Boonton.

has considered all the papers and for the following reasons, both of Denville Defendants' motions are **GRANTED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### a.  Factual Background

The facts relevant to this Motion are drawn from Plaintiff's complaint (Dkt. No. 1, Exhibit A, "Complaint") and are as follows.  In 2025, Plaintiff purchased a used car from a car dealership, Dalessio Auto Group Inc. d/b/a Schumacher Chevrolet Buick of Boonton ("Schumacher Boonton").  Prior to the purchase, Plaintiff saw an advertisement for the car and told Schumacher Boonton that he would buy the car but would need to register it in Michigan, where he lived.  (See Complaint at 3-4).  Schumacher Boonton sent Plaintiff sale documents, including a Vehicle Buyer's Order (Complaint, Ex. A, "VBO").  Plaintiff filled out those documents and purchased the car.  (Id.).  The VBO, which is essentially a receipt for the purchase of the vehicle, allegedly failed to itemize the specific documentary services included in the $399 fee charged to Plaintiff by Schumacher Boonton for providing documentary services ("Doc Fee").  Plaintiff argues this failure to itemize violated New Jersey law and regulations.  Additionally, after the purchase was completed, Schumacher Boonton did not send Plaintiff the Michigan permanent registration or license plate that he needed in a timely manner and, as a result, Plaintiff had to obtain the registration and license plate on his own and at his own cost.  (Id. at 4-5).  Plaintiff alleges this too violated New Jersey law and regulations.

On January 13, 2026, Plaintiff filed the instant putative class action lawsuit in the New Jersey Superior Court, Morris County, Law Division.  (See Complaint).  The Complaint names three defendants, all of whom are New Jersey residents: (1) Schumacher Boonton, (2) Tilton Automotive L.L.C. d/b/a Schumacher Chevrolet of Denville ("Schumacher Denville"), and (3)

Judith Schumacher-Tilton a/k/a Judith A. Tilton ("Ms. Tilton").  Ms. Tilton is alleged to have a controlling interest in both Schumacher Boonton and Schumacher Denville.  (Complaint ¶ 9-14).

Collectively, the Complaint refers to these defendants as "Defendants" and incorporates nearly all allegations against them together, asserting that the allegedly unlawful behavior is attributable to all three defendants.  (See, e.g., Id. ¶¶ 16, 55) ("The practices complained of herein are the same at Schumacher Boonton and Schumacher Denville;" "Defendants charged for Documentary Fees using VBOs that did not itemize each documentary service provided or the fee for each documentary service provided in the transactions of Plaintiff and others similarly situated.").  Despite ascribing the problematic behavior to all defendants, the Complaint contains no factual allegations which indicate that Plaintiff, at any point, had any contact with Schumacher Denville.

The Complaint states four causes of action, all of which allege violations of New Jersey law.  The first three causes of action, which relate to the Doc Fee, are pled as class claims and are directed at all three defendants.  Crucially, Plaintiff alleges that both Schumacher Boonton, from whom he bought his car, *and* Schumacher Denville use the same defective VBO and engage in identical harmful behavior regarding the Doc Fee.  (See Id. ¶¶ 16-19).  The fourth cause of action, which relates to the alleged failure to deliver title to the vehicle in a timely manner, is pled as an individual claim brought only by Plaintiff and appears to be directed only at Schumacher Boonton.

**b.  Procedural Background**

On February 12, 2026, Denville Defendants removed this case to federal court.  (Dkt. No. 1, "Notice of Removal").  On March 4, 2026, Denville Defendants sent Plaintiff and Plaintiff's Lawyers a letter notifying them that if the claims against Denville Defendants were not withdrawn within three weeks, they would move for sanctions because the Complaint, as pled against Denville

Defendants, was both factually and legally frivolous. (Dkt. No. 15-4, "Sanctions Letter"). In the Sanctions Letter, Denville Defendants pointed to the Notice of Removal which had provided direct evidence that Schumacher Denville does not, in fact, use the same allegedly problematic VBO as Schumacher Boonton. (Sanctions Letter at 2). Instead, Schumacher Denville uses a Motor Vehicle Retail Order Form which apparently does itemize the Doc Fee. (See Notice of Removal, Ex. 1, "MVRO"). [2] Denville Defendants further pointed out to Plaintiff and Plaintiff's Lawyers that the Complaint "failed to plead any contacts or transaction with Schumacher Denville." (Sanctions Letter at 1). The Letter also contained, as an attachment, Denville Defendants' proposed, but not-yet filed, Motion for Sanctions.

Two days later, on March 6, 2026, Denville Defendants filed the instant Motion to Dismiss. About a week after that, on March 12, 2026, Plaintiff filed the Motion to Remand, and about two weeks after that, on March 27, 2026, Denville Defendants filed the instant Motion for Sanctions.

To provide the parties with reasonable time to manage these motions and so that briefing on the Motion to Dismiss and Motion for Sanctions would not be due while the Motion to Remand was pending, the Court granted requests to adjourn the motion days for both the Motion to Dismiss and the Motion for Sanctions to May 18, 2026. (Dkt. Nos. 14, 18). These adjournments pushed the briefing schedules such that the opposition briefs for both motions were due May 4, 2026. [3] On April 17, 2026, four days after briefing on the Motion to Remand was completed, this Court issued its opinion and order denying that motion. (Dkt. No. 20). As of the morning of May 8, 2026, Plaintiff has not filed any brief opposing either the Motion to Dismiss or the Motion for

---

[2] The Court notes that Plaintiff and Plaintiff's Lawyers apparently found this MVRO so believable and compelling that they based the entirety of their motion to remand the case to state court on its existence and on its specific terms (See Dkt. No. 12, "Motion to Remand").

[3] U.S. District Court for the District of New Jersey, *2026 Motions* (2026), https://www.njd.uscourts.gov/sites/njd/files/2026Motions.pdf [https://perma.cc/2CYG-5VDQ]

Sanctions.  Nor have Plaintiff's Lawyers submitted any letter, notice, or communication to the Court explaining the lack of opposition.

## II.   DISCUSSION

### a.  Motion to Dismiss

To survive a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations.  Iqbal, 556 U.S. at 678.  A district court ruling on a motion to dismiss may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

To put it plainly, Plaintiff has not come close to pleading sufficient "factual content that allows the court to draw the reasonable inference that" Denville Defendants are "liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In fact, Plaintiff has not pled *any* such factual content attributable to Schumacher Denville.  As noted above, the Complaint only contains factual allegations which describe Plaintiff's transaction with Schumacher Boonton, *not* Schumacher Denville.  (See Complaint 3-5).

The fact of the matter is that Plaintiff's Complaint, which is predicated on an allegedly faulty contract between Plaintiff and Schumacher Boonton, never alleges that he signed any contract with Schumacher Denville.  What's more, Plaintiff has essentially conceded that the contract which Schumacher Denville uses with its buyers does not violate the statutes raised in the Complaint.  (See Motion to Remand at 5) (Plaintiff arguing against federal CAFA jurisdiction in this case because "every transaction [with Schumacher Denville] used an MVRO that properly itemized the documentary services and fees. . . .").  The fact that Plaintiff has not opposed Denville Defendants' Motion to Dismiss further bolsters this Court's view that Plaintiff agrees that he never had a contract, let alone a deficient contract, with Schumacher Denville, and therefore he has not stated a claim upon which relief may be granted.

It appears that the only two arguable reasons Plaintiff named Schumacher Denville in this suit is because both dealerships are owned, at least in part, by Ms. Tilton, and because Plaintiff apparently, at least at the time of filing the Complaint, believed that Schumacher Denville uses the same allegedly problematic VBO as Schumacher Boonton.  (Complaint ¶¶ 9-18).  First, Plaintiff's allegation of common ownership, alone, does not present an actionable theory of liability against Schumacher Denville based only on the acts of Schumacher Boonton.  See Thomas Glob. Grp. L.L.C. v. Watkins, 2016 WL 3946774, at *3 (D.N.J. July 19, 2016) ("It is well-established in the case law that common ownership or control over multiple corporate entities, without more, does not establish an alter ego relationship.").  Second, Plaintiff merely asserts that Schumacher Denville uses the problematic VBO, without providing any factual assertions whatsoever that

either (1) this is true or (2) he has any reason to know if this is true.[4]  The Court need not and will not "credit conclusory statements couched as factual allegations."  Iqbal, 556 U.S. at 678.

Because Plaintiff has provided no opposition briefing and made no suggestion that the deficiencies pointed out by Denville Defendants are curable, the Court infers that Plaintiff agrees they are not.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed).  Further, as the Court sees it, Schumacher Denville's MVRO, which would be key to any potential claim against Schumacher Denville, does not contain any of the allegedly problematic defects described in the Complaint.  (See MVRO).[5]  Plaintiff appears to agree, as discussed above.

Accordingly, in the Court's view, amendment to the Complaint would be futile, and the claims against Schumacher Denville, and Ms. Tilton, in her capacity as the owner or part-owner of Schumacher Denville will be dismissed *with prejudice*.[6]  Alpha Cepheus, LLC v. Chu, 2019

---

[4] Again, the Court also notes that Plaintiff seems to have already agreed and conceded that Schumacher Denville does not, in fact, use the allegedly deficient VBO.

[5] Though the Court ordinarily does not take notice of material extrinsic to the Complaint, it may do so when the document is "undisputedly authentic" and "plaintiff's claims are based on the document." CareOne, LLC v. Burris, 2011 WL 2623503, at *6 (D.N.J. June 28, 2011) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 98 F.2d 1192, 1196 (3d Cir.1993)).  The fundamental basis of Plaintiff's claims against Schumacher Denville is that it uses the same allegedly defective VBO as Schumacher Boonton. Further, Plaintiff has not mounted any challenge to the authenticity of the MVRO.  In fact, Plaintiff seems to have agreed to its authenticity by using it as the basis of its Motion to Remand. Accordingly, the Court considers the MVRO in its analysis.  Harborview Cap. Partners, LLC v. Cross River Bank, 600 F. Supp. 3d 485, 489 (D.N.J. 2022) (citations omitted). ("[A] plaintiff cannot defeat consideration of an integral document on a motion to dismiss unless it can offer a factual basis questioning its authenticity.").

WL 7047206, at *10 (D.N.J. Dec. 20, 2019) ("Dismissal with prejudice is appropriate where any amendment to the complaint would be futile.").

### b. Motion for Sanctions

Federal Rule of Civil Procedure 11(b) establishes that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that: (1) it is not being presented for any improper purpose, (2) the claims and legal contentions are warranted by existing law or by a nonfrivolous argument for extension or modification of existing law; (3) the factual contentions have evidentiary support or are likely to have evidentiary support; and (4) denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b) (emphasis added). A "court may impose an appropriate sanction on any attorney, law firm, or party" that violates or is responsible for the violation of the certification requirements of Rule 11(b), as long as the offending party has been given "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1).

The legal standard for "evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted). At a minimum, Fed. R. Civ. P. 11 requires "unambiguously that any signer must conduct a 'reasonable inquiry' or face sanctions." Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 548 (1991); See also Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) ("The signature of counsel on a pleading certifies that a reasonable

---

[6] But the Court notes that the claims against Ms. Tilton in her capacity as owner or part-owner of Schumacher Boonton survive. See N.J.A.C. 13:21-15.7(c) ("The dealer, all partners, officers, directors and/or holders of controlling interests shall be individually responsible for the conduct of all business at the dealership and for compliance with all the requirements of the statutes and rules governing the business of buying, selling or dealing in motor vehicles.").

investigation of the facts and a normally competent level of legal research support the presentation.").

Plaintiff's Complaint and apparent continued prosecution of this case against Denville Defendants is without evidentiary or legal support and suggests a failure by Plaintiff's Lawyers to conduct a "reasonable inquiry." Plaintiff filed a Complaint that alleged, as a matter of fact, that Schumacher Denville (which, again, had no relationship with Plaintiff) used the same allegedly problematic VBO as Schumacher Boonton. (Complaint ¶¶16-17). This threadbare assertion was essentially the only string tying Schumacher Denville to this lawsuit. Notably, Plaintiff attached to his Complaint *only* the VBO used by Schumacher Boonton, (Complaint, Exhibit A), and not the analogous MVRO used by Schumacher Denville. It is not at all clear from the Complaint, or any subsequent briefing, that Plaintiff's Lawyers made any attempt, in the first instance, to determine whether this factual allegation had any basis in reality.

On March 4, 2026, Denville Defendants notified Plaintiff that this conclusory allegation was, in fact, inaccurate, and specifically pointed Plaintiff to the MVRO used by Schumacher Denville, which Denville Defendants had included in their Notice of Removal. (Sanctions Letter at 2). At no point has Plaintiff contested the authenticity or accuracy of this document. In fact, Plaintiff has done just the opposite. As discussed repeatedly above, Plaintiff relied on this document's authenticity (as well as the veracity of an accompanying declaration which attests to the validity of the MVRO) and, specifically, the ways in which Schumacher Denville's MVRO does *not* violate the relevant laws, in making his Motion to Remand. (See supra at 7).

Months later, despite having adequate "notice and opportunity to respond," Plaintiff has still not responded in any meaningful way to Denville Defendants nor has Plaintiff moved to amend the Complaint. Plaintiff's failure to mount any explanation whatsoever is highly probative

of the fact that Plaintiff's Lawyers did not and have not conducted an investigation which is "reasonable[] under the circumstances," either before or after suing this uninvolved entity. Ford Motor Co., 930 F.2d at 289

In sum, Plaintiff's claims against Denville Defendants lack any legal or factual basis as Plaintiff fails to allege *anything* connecting Schumacher Denville to the underlying transaction. Further, Plaintiff appears to have failed to conduct a reasonable inquiry into its own underlying factual contentions, even after having been given notice and ample time to do so.

Having found a Rule 11(b) violation, the Court may impose a sanction. Fed. R. Civ. P. 11(c)(2). Further, "a sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4).

Somewhat paradoxically, Plaintiff's Lawyers failure to oppose the Motion to Dismiss redounds to their benefit by limiting the impact of their culpable conduct. The Court notes that the purpose of Rule 11 sanctions is to deter future misconduct and that the awarding of attorney's fees is a disfavored sanction. Accordingly, the Court orders that Defendant's Lawyers have violated Rule 11(b) and are required to complete an additional four (4) credit hours of Continuing Legal Education in the area of legal ethics beyond those already required by New Jersey state rules.

### III.    Conclusion

For the foregoing reasons, the Court finds that Plaintiff's claims against Denville Defendants are without merit and incurable and ought to be dismissed with prejudice, and that the conduct of Plaintiff's Lawyers in this case rises to the level of sanctionable conduct. Accordingly, both of Defendants' motions will be **GRANTED**.

\*    \*    \*

For these reasons,

**IT IS** on this 8th day of May, 2026

**ORDERED** that Denville Defendants' Motion to Dismiss (Dkt. No. 11) is **GRANTED**;

and

**ORDERED** that the claims against Denville Defendants are **DISMISSED WITH**

**PREJUDICE**; and it is further

**ORDERED** that Denville Defendants' Motion for Sanctions (Dkt. No. 15) is

**GRANTED**; and

**ORDERED** that Plaintiff's Lawyers are required to complete four (4) additional CLE

hours in the area of legal ethics beyond that already required by the New Jersey state

rules.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.
